[McPherson v. Boykin.]

# McPherson *v.* Boykin.

*Application for Mandamus to County Treasurer.*

1. *Costs in criminal cases, commenced in justice's court; how paid.* When a criminal prosecution, commenced before a justice of the peace, is removed into the Circuit Court, by appeal or otherwise, the costs, must be "there taxed and collected like other costs" (Code, § 5038); but this provision d es not make the fees of the justice payable out of the fund arising from fines and forfeitures (*Ib.* § 4461), as the fees of officers of court are in certain cases.

APPEAL from the Circuit Court of Bullock.

Tried before the Hon. H. D. CLAYTON.

The appellant in this case, who was a justice of the peace in said county, filed his petition in said Circuit Court on the 17th April, 1883, addressed to the presiding judge, and duly verified by affidavit, asking a *mandamus* against F. E. Boykin, as county treasurer of said county, commanding and requiring him to pay two claims held by the petitioner, which had been duly presented and registered, and which he insisted were payable out of the fund arising from fines and forfeitures. The petition alleged that the treasurer had moneys in his hands liable for the payment of said claims, and that all claims registered prior to his had been paid. The claims, copies of which were made exhibits to his petition, were itemized accounts of the fees and costs due to the petitioner, as a justice of the peace, in criminal prosecutions commenced before him, and removed into the Circuit Court. The Circuit Court sustained a demurrer to the petition, and its judgment is now assigned as error.

TROY & TOMPKINS, for appellant.

GUNTER & BLAKEY, *contra.*

CLOPTON, J.—By section 5038 of the Code it is provided, that in all prosecutions before a justice of the peace, where the case is not taken to the Circuit or City Court, by appeal or otherwise, the fees for such services as may be rendered in the case must be taxed by him, and collected by execution, as in the cases tried in the County Court; and in all other cases, the fees must be certified by him to the court to which the proceedings are removed, and there taxed and col-

lected like other costs. It is insisted, that the operation of this section is to make the fees of justices of the peace, arising from criminal cases removed to the Circuit Court, claims against the fine and forfeiture fund under the provisions of section 4461. The latter section makes the fees only of *officers of court* payable, in certain cases, out of the fund arising from fines and forfeitures. A justice of the peace is not an officer of the Circuit Court, within the meaning of the statute, notwithstanding a prosecution originally instituted before him may be removed to that court.

The provision in section 5038—"must be there taxed and collected like other costs"—refers to the general statutory mode of taxing and collecting costs in criminal cases in the Circuit or City Court; that is, must be taxed as costs against the defendant on conviction (or against the prosecutor, or the foreman of the grand jury, as provided by the statute), and collected by execution. The costs in all criminal cases, in the Circuit Court, are not payable from the fine and forfeiture fund. The fees of State witnesses, and of officers of court, in particular cases are, by section 4461, payable from this fund. The general intention expressed in section 5038 is incompatible with the particular intention expressed in section 4461. The construction contended for extends the general words, by the mode of taxing and collecting general costs in criminal cases, to special provisions for the payment of *specified* fees from a *specified* fund.

Affirmed.