# Macon County *v.* Abercrombie, Judge.

## *Assumpsit.*

(Decided June 30, 1913.    Rehearing denied December 18, 1913.
63 South. 985.)

1. *Officers; Compensation; Ex Officio Services.*—In view of the common, contemporaneous construction given to the sections of the Code from the enactment of section 5025, Code 1876, as it appeared in the several Codes, to sections 3703 and 3720, Code 1907, the services rendered by the probate judge must be considered ex officio services under section 68, Constitution 1901, and hence, Acts 1911, p. 154,

amending section 3720, Code 1907, is valid; for specific compensation as used in the Code means fees or precise compensation which have been definitely fixed by law, while ex officio services means those services which the law annexes to a particular office and requires the incumbent to perform without providing specific or precise compensation therefor.

2. *Same; Fees: Statute; Construction.*—The statute relating to fees for officers is penal in its nature and must be strictly construed.

3. *Statutes; Construction; Contemporaneous.* — Contemporaneous construction is a valuable aid in determining the meaning of a statute.

4. *Constitutional Law; Statutes; Construction.*—All reasonable doubts must be resolved in favor of legislative authority to pass and put into immediate effect laws passed by them.

(Dowdell, C. J., and McClellan, J., dissent.)

CERTIORARI to Court of Appeals.

Assumpsit by Macon County against M. B. Abercrombie and the sureties on his official bond. Judgment for defendant which judgment was reversed by the Court of Appeals in the case of *Macon County v. Abercrombie,* 9 Ala. App. 147; 62 South. 449; and defendants bring certiorari. Judgment of the Court of Appeals is reversed and the judgment of the trial court is affirmed.

R. H. POWELL, O. S. LEWIS and MERRITT & RILEY, for petitioner. The compensation fixed by section 3720, Code 1907 as amended by Acts 1911, p. 154, is not such compensation as is precise or definite, but refers to duties attached to the office for which no specific compensation is provided, and is governed by the proviso found in section 68, Constitution 1901, rather than by sections 150 and 281 of said Constitution. Hence, the act increasing the ex-officio services above referred to is valid, and the judge is entitled to receive such fees although the act was passed after his present term began.

R. C. BRICKELL, Attorney General, W. L. MARTIN, Assistant Attorney General, and W. B. BOLLING, Solicitor, for respondent. Counsel review the history of legisla-

tion on the particular subject under review, and contend that the duty imposed on the judge of probate in relation to the public roads is an official duty for the compensation of which express provision is made by law, therefore, such compensation cannot be regarded as ex-officio services because left to the court of county commissioners to determine what duties have been rendered, and what compensation earned.—*Torbert v. Hale County,* 131 Ala. 143; *Troup v. Morgan County,* 109 Ala. 162; *Van Epps v. Commissioners,* 25 Ala. 460; *Mitchell v. Tallapoosa County,* 30 Ala. 131; *Barbour County v. Clark,* 50 Ala. 418; *Posey v. Mobile County,* 50 Ala. 6; *Jack v. Moore,* 66 Ala. 187; *Naftel v. County, of Montgomery,* 127 Ala. 563; *County of Mobile v. Williams,* 61 South. 963.

DE GRAFFENRIED, J.—In the Code of 1876—see section 5025 of the Code of 1876—the Legislature declared that "all persons who are entitled to have an allowance made by the court of county commissioners for services commonly designated as ex officio services, for which no specific compensation is provided, shall, before such allowance is made, itemize the services for which pay is claimed, and make oath thereto as is required to be made in the allowance of ordinary claims against the county; and the compensation allowed shall not exceed the fair and reasonable value of the services, but in no case shall it exceed the maximum allowed by law for such services." At that time, in the fee bill of probate judges, two items appeared which came directly within the above legislative definition of "ex officio" services. One of those items was for services with reference to public roads, for which he was allowed to receive a sum not exceeding $90 per annum, and the other was for all other services for which no specific compen-

sation had been, by law, provided, and for those services he was permitted to receive a sum not to exceed $250 per annum. Similar items then appeared in the fee bill of sheriffs, and in the fee bill of circuit clerks there was then a provision that for the performance of his official duties not otherwise specifically provided for he should be allowed each year a sum not to exceed $200. These various provisions of the Code of 1876 have, with changes not material to the question in hand, been brought forward into all of our subsequent codes and we think that they clearly evidence that the compensation allowed each year to the incumbent of the office of probate judge for his services with reference to the public roads of his county has, certainly since the adoption of the Code of 1876, been uniformly regarded by our Legislatures as an allowance for ex officio services. When the Code speaks of specific compensation it refers to that compensation which the law itself definitely ascertains, and not to compensation which it requires to be fixed by officers of the law  The word "specific" means precise, and the words "specific compensation," as used in the above section of the Code of 1876—now, with its verbiage somewhat changed, section 3703 of the Code of 1907—mean "precise compensation."

The public road system of our counties is a creature of our statutes, and for a long period of years our Legislatures have annexed to the offices of probate judge and sheriff certain duties relative to public roads. As the incumbents of those offices are required by our statutes to perform—in lieu of a public road superintendent or supervisor—these extra duties so attached to their offices, the Legislature has seen fit to provide a method of compensating them for the services so required of them. Originally the amount of this compensation was fixed at the precise sum of $90 per annum for each in-

[Macon County v. Abercrombie, Judge.]

cumbent of these respective offices. As, however, the amount of labor actually performed by these officers must vary, the Legislature saw proper, in 1876, to provide that their compensation should be annually fixed by the court of county commissioners, but that in no year should the compensation of the probate judge or sheriff be fixed at a greater sum than $90.

A painstaking examination of the history of our statutes governing the subject of compensation to public officials convinces us that it has been the policy of our lawmakers to fix the precise amount of each fee to which an officer is entitled unless that fee is, in reality, an allowance for mere ex officio services, or services which the law annexes to a particular office and requires the incumbent of that office to perform. The law of fees and costs is penal and must be strictly construed. —*Mobile County v. Price Williams, Jr.*, 180 Ala. 639, 61 South. 963. Our lawmakers have recognized the above legal truism, and have, as a general rule, fixed a definite fee for every specific, well-defined duty required of an officer, leaving only under certain fixed limitations a discretion in the county commissioners as to what shall be paid to an incumbent of an office for mere ex officio services which the law has attached to his office. The law has not, at times, defined with chiseled accuracy where the powers which come within the general and natural purview of an office end and where the duties which, as mere ex officio duties, are attached to such office begin; but, when we take into consideration the general policy of our lawmakers to fix, as already stated, a definite fee for each service not merely ex officio, and to leave, in cases of officers whose duties are confined to the limits of a particular county, in courts of county commissioners or boards of revenue, a discretion, within defined limits, as to what shall annually be paid to

[Macon County v. Abercrombie, Judge.]

such officers for their mere ex officio services, it seems to us that the duties of a probate judge with reference to the public roads of his county are mere ex officio services within the meaning of section 68 of our Constitution. Said section 68 of our Constitution provides as follows: "The Legislatures shall have no power to grant or to authorize or require any county or municipal authority to grant, nor shall any county or municipal authority have power to grant any extra compensation, fee or allowance to any public officer, servant or employee, agent or contractor, after service shall have been rendered or contract made, nor to increase or decrease the fees and compensation of such officers during their terms of office; nor shall any officer of the state bind the state to the payment of any sum of money but by authority of law; provided this section shall not apply to allowances made by commissioners' courts or boards of revenue to county officers for ex officio services, nor prevent the Legislature from increasing or diminishing at any time the allowance to sheriffs or other officers for feeding, transferring or guarding prisoners."

As the compensation of a probate judge for services with reference to public roads is, under the terms of our statute permitting it, an allowance by the court of county commissioners to a county officer, and as, in our opinion, this service has always been by our Legislature and, as to that matter, by our probate judges and by our people themselves, regarded as a mere ex officio service, it seems to us that under the above-quoted section of our Constitution the Legislature has the power to authorize the court of county commissioners to allow a probate judge now holding office, as compensation for services rendered by him to the public roads of his county, a greater sum than the law authorized such court to allow such probate judge for such services when

he was elected to and was inducted into his office. We refer to the interpretation which has been placed upon the character of the duties which are required to be per-formed by a probate judge with reference to public roads, by our Legislatures, by probate judges, and by the people themselves, because in all cases of uncertainty the contemporaneous construction placed upon a statute by legislative assemblies, by officers who are required to perform duties under such statute, and by the people themselves, furnishes a valuable aid to courts when they are called upon to construe such statute.— *Schell's Ex'rs v. Fauche,* 138 U. S. 562-572, 11 Sup. Ct. 376, 34 L. Ed. 1040; *State of Alabama v. Board of School Commissioners of Mobile County,* 183 Ala. 554, 63 South. 76:

1. When M. B. Abercrombie was elected to and was inducted into the office of judge of probate of Macon county, section 3720 of the Code provided that "for discharging his duties in relation to public roads, on proof to the court of county commissioners that he has discharged such duties, annually, to be paid out of the county treasury, the probate judge shall be paid not exceeding ninety dollars." By an act approved April 1, 1911 (Pamph. Gen. Acts 1911, pp. 154-158), the above section of the Code was amended so as to increase the limit of said allowance beyond which the court of county commissioners cannot go to $400. In other words, the said section of the Code was so amended by the said act as to strike the word "ninety" from section 3720 of the Code, where it appears in said section and in lieu thereof substitute the words, "four hundred."

There is nothing in the act which indicates that the Legislature did not intend that the act should not take effect immediately upon its passage. The passage of the act was a legislative declaration that it regarded

the services of the probate judge, with reference to public roads, as ex officio services, and the judgment of the Legislature on that subject is entitled to great weight. All reasonable intendments of the law are with the validity, and the immediate taking of effect, of acts of the Legislature, and he who assails them has the burden of showing their invalidity for the purposes for which they were enacted. All reasonable doubts must be resolved in favor of the legislative authority to pass and put into immediate effect the law so passed by them.— *State ex rel. City of Mobile v. Board, etc., Commissioners of Mobile Co., et al.,* 180 Ala. 489, 61 South. 368; *T. E. Lovejoy v. City of Montgomery,* 180 Ala. 473, 61 South. 597.

We are therefore of the opinion that the allowance to Judge Abercrombie was authorized by a statute of this state, which the Legislature had the power to enact into law and to put into immediate effect. The judgment of the Court of Appeals is therefore reversed, and a judgment is here rendered, affirming the judgment of the circuit court of Macon county.

Reversed and rendered.

ANDERSON, MAYFIELD, SAYRE, and SOMERVILLE, JJ., concur. DOWDELL, C. J., and MCCLELLAN, J., dissent.