# State, *ex rel.* Drago, Sheriff *v.* Smith, Auditor.

## *Mandamus.*

(Decided January 15, 1914.  64 South. 364.)

1. *Sheriffs and Constables; Fees; Criminal Cases.*—Construing sections 6638, 6646 and 7302, Code 1907, it is held that the state is not made liable to the sheriff for fees for subpoenaing witnesses before the grand jury in cases in which no indictment is found, as these sections do not make the state liable except for such fees as other provisions of law make payable by it absolutely.

2. *Same; Taking Bonds; Statutes.*—Under section 14, Acts 1898, p. 1168, establishing the inferior criminal court of Mobile, the sheriff is not entitled to fees for taking bonds from defendants arrested under process from that court, the taking of such bonds being an incident to the execution of such process.

APPEAL from Montgomery Circuit Court.

Heard before Hon. W. W. PEARSON.

Petition by John S. Drago, in the name of the State, for mandamus against C. Brooks Smith, State Auditor, to require him to issue his warrant, in favor of petitioner, for certain sheriff's fees. From a judgment denying the writ, petitioner appeals. Affirmed.

The accounts, one for $440, for services for serving subpœnas on 880 witnesses to appear before the grand jury of Mobile county, and one for $3,900, for returning to the inferior criminal court of Mobile, county of Mobile, state of Alabama, 3,900 bonds given to release from arrest persons in criminal cases, were itemized and verified and attached to the petition, and it is alleged that they were duly itemized and verified, as therein shown, when they were presented to and refused by the Auditor.

WILLIAM H. & J. R. THOMAS, and PILLANS, HANAW & PILLANS, for appellant. The right of recovery for the

services of subpœnaing witnesses to appear before the
grand jury where no indictments are found is found in
sections 6638 and 6640, and 6646, Code 1907.—*Drago's
Case,* 172 Ala. 158. The claim for approving bonds is
based upon Acts 1898-9, p. 1164, section 14, and section
6638, Code 1907. On these authorities the court erred
in sustaining the demurrers of the Attorney General.

R. C. BRICKELL, Attorney General, and W. L. MARTIN,
Assistant Attorney General, for the appellee. The law
of costs and fees is strictly construed, and an officer de-
manding fees must show some clear, legal authority for
his right thereto.—*Bd. of Rev. v. State, ex rel. Drago,*
172 Ala. 155. The sections of the Code relied on by ap-
pellant are not subject to the constructions contended
for.—*Bradley v. State,* 69 Ala. 319; section 6631,
Code 1907.

ANDERSON, J.—Section 6638 of the Code of 1907,
in fixing the sheriff's fees in criminal cases, among other
things provides: "For serving each subpœna or notice
fifty cents." Section 6646 provides: "The fees for ser-
vices rendered in each criminal case must be taxed
against the defendant on conviction, or may be taxed
against the prosecutor, under the provisions of section
7302; and if an execution is returned 'no property
found,' or if the costs are not otherwise taxed, such
costs must be paid by the state, except when  *  *  *
payable by the county." The appellant's insistence is
that as the fee of the sheriff for subpœnaing witnesses
before the grand jury, in cases in which no indictment
is found, cannot be taxed against the defendant, or the
prosecutor, or otherwise taxed, and as the county is not
liable for same, said fees should be paid by the state,
under the terms of the above-quoted part of section

6646 of the Code. This identical part of said section was considered and construed in the case of *State ex rel. v. Brewer*, 59 Ala. 130, wherein the court said, speaking through BRICKELL, C. J.: "The next and concluding member of the clause is: 'And if an execution against either of them is returned "no property found," or if the costs are not taxed against either of them, such costs must be paid by the state, except when they are payable by the county.' It may be if these words stood alone they are broad enough to charge the state with the payment of all costs, not payable by the county, or not taxed against and paid by a defendant, or by the prosecutor, or the foreman of the grand jury. The juster construction seems to us is to refer them to such costs as by other provisions of law are made payable by the state absolutely, and cannot be taxed against the defendant on conviction, or to such costs as may be taxed against the prosecutor or foreman of the grand jury, in the event of an acquittal, and which, if convicted, the defendant would be required to pay, and, if he was insolvent, the state would be liable to pay, excepting such costs as the county is liable to pay."

It is manifest that this statute, as thus construed, does not fix an absolute liability upon the state to pay the items in question, and it has been brought forward into several Codes, without material change, except as to the omission of the foreman of the grand jury as it now appears in the present Code. The trial court did not err in sustaining the demurrer to this feature of the appellant's petition.

The local act of Mobile county establishing the inferior court (Acts 1898, p. 1164), by section 14 provides: "That the said judge of said inferior criminal court shall address all processes of whatever nature or kind to the sheriff of Mobile county, who shall either

[State, ex rel. Drago, Sheriff v. Smith, Auditor.]

himself or by deputy execute the same. When requir-
ed by the said judge, the sheriff shall furnish a bailiff
for the said inferior criminal court. The sheriff shall
receive no fees, but as compensation for the services re-
quired of him, and for furnishing the bailiff, he shall
receive $1,800 per annum, to be paid monthly out of the
county treasury." We are of the opinion that this act
evinces a legislative intent to exclude the right of the
sheriff to charge a fee for taking bonds from defendants
under warrants issued out of or returnable to the infe-
rior court. The taking of a bond pertains to and is in-
cident to the execution of process of said court, and
the act excludes all idea of any fee for the service to be
rendered by the sheriff or his bailiff in connection with
the execution and return of the process of said court
by giving him $1,800 per year as compensation for ser-
vices to be performed in connection with said court.
This act has been several times amended, but not as to
said section 14. Moreover, if the sheriff was entitled to
these fees, he was not entitled to collect them from the
state for the reason pointed out in discussing the first
question.

The trial court did not err in sustaining the demurrer
to this feature of the petition. The judgment of the cir-
cuit court is affirmed.

Affirmed.

McClellan, Sayre, and Somerville, JJ., concur.