# Stone, Treasurer, *v.* State, *ex rel.* Holcombe.

### Mandamus.

(Decided June 30, 1916.  72 South. 536.)

Sheriffs and Constables; Guarding Prisoners; Fees.—Considering § 6638, as amended by General Acts 1911, p. 41, and §§ 6646 and 6889, Code 1907, it is held that the sheriff of Mobile county is entitled to receive from Mobile county fees for guarding prisoners in the county jail, convicted of misdemeanors, where execution has been issued and returned "no property found," since this is an allowance and not a fee, and is authorized by the exception in § 68, Constitution 1901; and this is true notwithstanding the provisions of § 3693, Code 1907, and Local Acts 1907, p. 86, amending Local Acts 1898-09, p. 1164.

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Petition by W. H. Holcombe in the name of the State for mandamus to issue to George E. Stone as treasurer requiring him to number and register a warrant in the order in which it was presented. From a judgment granting the writ, respondent appeals. Affirmed.

The board of revenue and road commissioners of Mobile county audited and allowed a claim against the county by appellee, who is the sheriff of said county, amounting to $324, and consisting of fees for guarding prisoners in the county jail. After the allowance of the said fee, a warrant was drawn by the president of the board on the county treasurer pursuant to a local statute prescribing the powers and duties of said board. A copy of the itemized claim so audited and allowed is made a part of the peti-

tion in this cause. As appears therefrom, three of said fees of $2 each were for guarding prisoners confined upon felony charges, and the remainder thereof were for guarding prisoners who were convicted of misdemeanors in the inferior criminal court of Mobile. The claim shows that execution was issued in each of said cases and returned "No property found." Appellee presented the said warrant to appellant, as treasurer of Mobile county, for registration according to law. The treasurer refused to register the same, and thereupon appellee filed his petition in the law and equity court of Mobile setting up the facts, and praying for a writ of mandamus to compel the treasurer to register the said warrant as provided by law. Appellant's only reason for refusing to register the warrant was his contention that the sheriff is not entitled to any fees for guarding prisoners in those cases in which there is a conviction in the inferior criminal court of Mobile, and therefore appellant waived the issuance of an alternative writ and appeared in the cause, first moving to dismiss the petition, and upon such motion being overruled, demurred to the petition. The demurrer being overruled, appellant declined to plead further, and thereupon appellee proved his petition and the court issued a final and peremptory writ of mandamus ordering appellant, as treasurer, to register the said warrant as provided by law.

GORDON & EDINGTON, for appellant. STEVENS, McCORVEY & McLEOD, for appellee.

SAYRE, J.—Appellee's brief in its first paragraph, which the reporter will reproduce, correctly states the nature of this case.

By the act of February 21, 1907 (Local Acts, p. 86), amending the act which established the inferior criminal court of Mobile, it was provided as follows: "That the same costs shall be taxed and collected in the said inferior criminal court, and in the same manner as is provided by sections 4574, 4576 and 4577 of the Code.

The reference was to sections of the Code of 1896. Section 4574 dealt with the fees of justices of the peace; section 4576, which has been brought forward in the Code of 1907 as section 6653, provided for the fees of constables in criminal cases; while section 4577 provided that the fees specified in section 4576 should be taxed and collected as other costs. The act referred to above

also provided that: "Said judge or clerk of said inferior criminal court shall address processes of whatever nature or kind to the sheriff of Mobile county, who shall either himself or by deputy execute the same.  When required by the said judge, the sheriff shall furnish a bailiff for said inferior criminal court.  The sheriff shall receive no fees, but as compensation for the services required of him, and for furnishing the bailiff, he shall receive eighteen hundred dollars per annum, to be paid monthly out of the county treasury."

The two provisions of the act of February 21, 1907, quoted above, were reproduced from the act of February 23, 1899, establishing the inferior criminal court (Local Acts 1898, 1899, p. 1164), the only difference being that in the act quoted from the clerk was authorized to issue process and tax and collect costs, services which the original required the judge to perform.

Section 6638 of the Code of 1907 provided for "fees and allowances" to sheriffs in criminal cases.  By the act of February 28, 1911 (Gen. Acts 1911, p. 41) § 6638 was amended, inter alia, by the incorporation of a new item as follows: "For guarding each prisoner lawfully committed to jail in the following cases:  (1) In all felony cases whether convicted or not $2.00.  (2) In all arrests under indictment whether convicted or not $2.00.  In all other cases where convictions follow arrests $2.00."

Appellant insists that no authority is to be found in these statutes for taxing the item of $2 for guarding prisoners as costs in the inferior criminal court, and that, however that may be, the sheriff receives the sum of $1,800 per annum in lieu of all compensation for services required of him in or for the inferior criminal court, including the item of costs in question.

Roughly speaking, the inferior criminal court exercises jurisdiction and authority in cases cognizable by justices of the peace in Mobile county and some other misdemeanors, and has the same power to imprison and sentence to hard labor that is possessed by criminal courts of general jurisdiction.  Most of the items of compensation claimed by the sheriff in this proceeding are claimed in cases in which there have been convictions for misdemeanors and executions have been returned "No property."  In three cases the fees are claimed on account of prisoners committed on charges of felony.  No question is made about the sheriff's right to the fees claimed in these three last cases.

Our judgment is that appellee was entitled to have his claim registered for its full amount as the trial court commanded.  We

accord full recognition to the statutory rule that: "The law of fees and costs must be held to be penal, and no fee must be demanded or received except in cases expressly authorized by law." —Code, § 3693; *Mobile County v. Williams,* 180 Ala. 639, 61 South. 963.

But in this case there is no question about there being a statute allowing to sheriffs in general the compensation in controversy; the only question is whether in the statute governing the inferior criminal court sufficient reason is found for making an exception against the sheriff in respect of cases originating in that court, and this is to be determined at the end of a fair and reasonable effort to ascertain the legislative intent. Section 6638, as lately amended, is general in terms, it makes no exceptions, and its general provisions is to be made effective unless the prior local statute contains a provision to the contrary. To quote again the local act: "The sheriff shall receive no fees, but as compensation for the services required of him, and for furnishing the bailiff, he shall receive eighteen hundred dollars," etc.

The "costs" of the local act are clearly the "fees" of section 4576 of the Code of 1896 (section 6653, Code 1907), and the court is of the opinion that the services required of the sheriff (in addition to furnishing a bailiff), within the meaning of the act, and the services for which he is allowed a fixed compensation, are the services for which fees are allowed by the section and services of like kind, that is, services performed in executing process issued from the court, within which category may fairly be included the taking of bail in misdemeanor cases.—*State, ex rel. Drago v. Smith, Auditor,* 185 Ala. 384, 64 South. 364. The additional compensation for guarding prisoners allowed by amended section 6638 is not a fee within the prohibition of the local act; it is rather an allowance. That our statutory system in respect of the compensation of public officers intends and must observe a distinction between fees and allowances, and that compensation for guarding prisoners falls within the latter class, is convincingly shown by section 68 of the Constitution which provides that the inhibition against increasing or decreasing the fees and compensation of public officers during their terms of office shall not "prevent the Legislature from increasing or diminishing at any time the allowance to sheriffs or other public officers for feeding, transferring or guarding prisoners."

It will be observed that under the Constitution and the statutes to which we have referred services rendered in feeding and

[Stone, Treasurer, v. State, ex rel. Holcombe.]

guarding prisoners belong to a class different from that of the services for which fees may be charged, and that their statutory status, for the purposes of the case in hand, is the same in all respects except that the provision for guarding prisoners is of recent enactment, and it is not without persuasive force to note that to hold the appellee not entitled to compensation for guarding prisoners committed by or to answer in the inferior criminal court would involve also the conclusion that he is not entitled to compensation for feeding such prisoners. The statute concerning the feeding of prisoners has been re-enacted from time to time, and at all times it has been uniformly construed and administered as securing to the sheriffs throughout the state compensation for an outlay and a service rendered for which no other compensation is provided. In these circumstances it would require a very clear enunciation of legislative purpose to bring us to the view that it was intended by the local act in question that all prisoners held in jail under the orders of the inferior criminal court, a majority, most likely, of all prisoners requiring sustenance from the sheriff, should, contrary to the rule prevailing in other counties, be fed by the sheriff out of his private purse. The Legislature has expressed no such intention. Nor has it said that appellee shall not be paid for guarding prisoners held under the orders of the inferior court. It has in general terms provided a new compensation "for each prisoner lawfully committed to jail." To hold, as we do, that the sheriff of Mobile county is entitled to such compensation for prisoners committed by or answerable to the inferior criminal court, neither repeals nor amends the local statute, but leaves it to operate without change or impairment according to the legislative purpose at the time of its enactment.

We have quoted amended section 6638 so far as pertinent to this inquiry. The amendment does not designate the source from which the sheriff is to receive the compensation claimed in the event it is not collected from the defendant. Section 6646 provides that: "The fees specified in this article (which includes section 6638) except where some other provision is made by law, are to be collected and paid in the following manner: * * * The fees for services rendered in each criminal case must be taxed against the defendant on conviction. * * * And if an execution is returned 'No property found,' or if the costs are not otherwise taxed, such costs must be paid by the state, except when they are payable by the county."

Appellant contends that in consideration of this statutory situation the sheriff can look only to the state for the compensation claimed—that the county is not liable.   While it must be recognized that there has been some confusion in the use of terms in the legislative dealing with the subject of fees and allowances to officers in criminal cases, yet it is clear upon the whole that by the incorporation of the item for guarding prisoners into section 6638 the Legislature intended that such items should be taxed against defendants upon conviction along with the other items therein named for the collection of which no specific different provision is made.   Otherwise the amendment of section 6638 in the respect under consideration would come to naught.   Now section 6889 makes the fine and forfeiture fund of the counties liable when the defendant has been convicted and there is a return of "No property found."   And by local statute the fine and forfeiture fund of Mobile county has been consolidated with the general fund, and all claims against the fine and forfeiture fund made payable out of the consolidated fund without regard to the presence therein of moneys arising from fines and forfeitures.— *County of Mobile v. Powers*, 103 Ala. 207, 15 South. 642.

Hence our conclusion that the judgment of the law and equity court of Mobile should be affirmed.

Affirmed.

ANDERSON, C. J., and MCCLELLAN and GARDNER, JJ., concur.