(80 South. 737)

HERRMANN v. MOBILE COUNTY.
(1 Div. 295.)

(Court of Appeals of Alabama. June 29, 1918. Rehearing Denied Dec. 17, 1918.)

1. CLERKS OF COURTS ⬤⟿37—INFERIOR CIVIL COURT—FEES IN PROHIBITION CASES.

Claim of clerk of inferior civil court of Mobile for costs due him in prohibition cases, where seizures of liquors were made and no one appeared as claimant, held not a claim for entire fees, when it should have been for only one-half under act creating court and fixing clerk's compensation, so that board of supervisors improperly rejected claim on that account.

2. CLERKS OF COURTS ⬤⟿37—INFERIOR CIVIL COURT—FEES IN PROHIBITION CASES—ITEMIZED ACCOUNT.

Itemized account of clerk of inferior civil court of Mobile for costs claimed in prohibition cases where seizures were made and no one appeared as claimant, showing that causes were docketed and disposed of against various locations at which liquors were seized, and not against any person, held to show in legal effect that no one appeared to contest order of condemnation within Acts 1915, p. 20, § 22, providing that if no one appears to contest costs shall be taxed and paid as in criminal prosecutions where state fails to convict.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Action by F. W. Herrmann against Mobile County. From judgment of nonsuit, plaintiff appeals. Reversed and remanded.

Action by appellant against the appellee for costs claimed to be due him as clerk, in certain prohibition cases, where seizures of liquors were made and no one appeared as claimant.

Stevens, McCorvey & McLeod, of Mobile, for appellant.
Gordon & Edington, of Mobile, for appellee.

SAMFORD, J. There are four questions presented by this record:

(1) Is that part of the act creating the inferior civil court of Mobile which provides for the office which appellant holds, and fixes the compensation thereof, constitutional?

(2) Is appellant entitled to compel the county to pay to him one-half of the fees and costs in those cases wherein the fees and costs are properly taxed against the county?

(3) Is the itemized and verified claim, which is Exhibit A to the complaint a sufficient compliance with the requirements relative to the presentation to the board of revenue and road commissioners of claims against the county before suit can be maintained thereon?

The first two of these questions have been answered in accordance with the contention of the appellant in the case of Herrmann v. Mobile County, 80 South. 112, by Thomas, J.

The third question involves two objections raised by demurrer and insisted upon by counsel for appellee.

[1] First. It is claimed that the claim as filed, and made a part of the complaint, is a claim for the entire fees, when the claim should have been for only one-half, and that therefore the board acting upon the same properly rejected it. Upon reading the claim, it will be observed that claim is made for an aggregate sum of "$147.62, being the fees allowed by law for services, etc.," to which was attached an itemized account of all the cases and items of costs as taxed in each case, with a certification of correctness as to items and amounts, which totals just twice

the amount claimed to be due. It is hard to imagine how the appellant could have been more specific in the presentation of his claim. We are constrained to believe that the claim was not rejected on that account.

[2] Second. It is objected that the claim as filed does not show that "no one appeared to contest the order of condemnation." The claim as filed showed that the cases were docketed and disposed of against locations and not persons, either natural or artificial, against whom judgments could be rendered; that they were disposed of as proceedings in rem and not in personam.

Section 22 of the Act of 1915, approved January 23, 1915 (Acts 1915, p. 20), provides:

"At the time and place specified in the notice any person claiming any right, etc., in the liquors seized, etc., may interpose answer, etc."— upon which issue thus framed shall be deemed an action pending in the court and may be entitled state of Alabama against party appearing, etc.

At page 22 of the act, it is provided that, in event no one appears to contest, etc., the costs shall be taxed and paid as costs are taxed and paid in criminal prosecutions where the state fails to convict.

The itemized account as filed, showing as it does that the causes were docketed and disposed of against the various locations at which the liquors were seized, and not against any person, either natural or artificial, in legal effect shows that "no one appeared to contest the order of condemnation."

This appeal being from a judgment of nonsuit, on account of the adverse rulings of the court on the pleadings, and the court being in error as above indicated, the judgment is reversed, the judgment of nonsuit is set aside, and the cause is remanded.

Reversed and remanded.