(122 So. 333)

KILGORE v. SWINDLE, County Treasurer.
(6 Div. 325.)

Supreme Court of Alabama.   April 11, 1929.

Rehearing Denied May 23, 1929.

Sowell & Gunn, of Jasper, for appellant.

J. B. Powell, of Jasper, for appellee.

BOULDIN, J. ■ The proceeding in the court below was by mandamus, brought by the sheriff of Walker county against the county treasurer to require payment of certain fees from the fine and forfeiture fund of the county.

It is admitted the claims were duly registered, and there are available funds for their payment. The purpose of the suit is to ascertain whether they are lawful claims against such fund.

Mandamus is the proper remedy. Farson v. Bird, 197 Ala. 384, 72 So. 550.

Two classes of fees are involved:

■■ First. A "turnkey fee" of $2, claimed for guarding a prisoner lawfully committed to jail on a charge of misdemeanor without indictment, and no conviction followed. This fee is governed by Code, § 3741, as follows:

"For guarding each prisoner lawfully committed to jail in the following cases:

"In all felony cases whether convicted or not.......................... 2.00

"In all arrests under indictment whether convicted or not............. 2.00

"In all other cases where convictions follow arrests...................... 2.00"

Clearly this provision does not cover the case in hand. Where no fee is prescribed by statute, none can be allowed.

Section 3758, relating to fees in the county court, merely adopts the provisions of section 3741 touching this class of fees. It cannot be construed to enlarge that section so as to give a fee for guarding a prisoner whose case is disposed of in the county court, when none is allowed in a like case in the circuit court. Stone v. State ex rel. Holcombe, 197 Ala. 293, 72 So. 536; Op. Atty. Gen. Report of 1919–20, p. 224.

The trial court properly held this item not a lawful charge against the fine and forfeiture fund.

■ Second. A fee of $.50 for serving a subpoena upon a witness for appearance before the grand jury, where no indictment was returned against the party under investigation by the grand jury.

The trial court properly held this is a fee specially prescribed by Code, § 3741, "For serving each subpoena or notice $.50." Board of Revenue v. State, 172 Ala. 155, 54 So. 995.

■ Code, § 3750, appearing in the same article with section 3741, under the title "Fees; how taxed and paid," has this provision:

"The fees for services rendered in each criminal case must be taxed against the defendant on conviction, or may be taxed against the prosecutor, under the provisions of section 8684 (7302); and if an execution is returned 'no property found,' or if the costs are not otherwise taxed, such costs must be paid by the state, except when they are payable by the county."

This is an old Code provision. It has been long settled that fees of the class here involved are not payable by the state. State ex rel. Drago, Sheriff, v. Smith, Auditor, 185 Ala. 384, 64 So. 364; State v. Brewer, 59 Ala. 130.

Neither are they payable by the county from its general funds. Board of Revenue v. State, supra. This case involved the precise claim here involved, the fee for serving a subpoena on a witness before the grand jury, where no indictment found. Whether it was payable from the fine and forfeiture fund of the county was left an open question.

■ It appears such fee is not to be listed and included in statement upon which an allowance for ex officio services is asked. This covers services for which no specific compensation is provided. Code, §§ 7265, 7287; Macon County v. Abercrombie, 184 Ala. 283, 63 So. 985.

■■ No other means of payment for this specific item is open, except the fine and forfeiture fund. If effect is to be given to quoted clause of section 3750, as intending payment of all specified fees from some source, it would seem to follow that payment should be made from the fine and forfeiture fund.

But the statutes prescribe what claims shall be paid from that fund. The surplus after payment of state witness claims is devoted to payment of fees of officers in criminal cases "in which the defendant is not convicted and the costs are not imposed on the prosecutor, or in which defendants have been convicted, and have been proved insolvent by the return of executions 'no property found,' or in cases in which the state enters a nolle prosequi, or where the indictment has been withdrawn and filed, or the prosecution abated by the death of the defendant, unless the payment or distribution of such funds are otherwise provided for," etc. Section 4039, Ann. Code of 1928.

If the claim here involved is included, it must come under the class in which defendant "is not convicted."

"Not convicted" is broader than "acquitted." To give effect to the inclusive provision of section 3750, supra, and to acquit the lawmakers of a complete legislative omission in prescribing a fee and providing no means of payment, we were at first disposed to construe "not convicted" as including all cases ending on investigation by the grand jury without indictment, as well as after trial in the circuit court.

But it must be noted that the other cases listed under section 4039 are limited to those which appear on the docket of the court and are there disposed of. To give "not convict-

ed" its broadest meaning, it would include cases nol. prossed, or abated by the death of defendant. These are separately listed.

Again section 4040, prescribing the proof of such officers' claims, requires it to set out the style of the case and the term at which judgment was rendered. This seems to refer to some judgment or order of the court under which the claim becomes payable as per the preceding section.

But more persuasive is section 3740, entitled "Costs, how taxed and collected." This section provides:

"* * * And in all trials in the circuit courts, or county courts, where the state fails to convict, or the indictment abates, or is nol. prossed, or withdrawn, the fees of the sheriffs and clerks of the courts shall be paid out of the fine and forfeiture fund; but the sheriffs and clerks must make affidavit before the circuit court, or probate judge of the amount due them; and the right of the sheriffs and clerks to such payment of their fees shall be postponed to the rights of state witnesses, as they now exist."

It must be noted this section lists as payable from the fine and forfeiture fund precisely the same fees as section 4039, but defines and limits cases wherein the state "fails to convict" (or defendant "is not convicted") to "trials in circuit or county courts."

The fine and forfeiture fund is first charged with payment of registered claims of state witnesses. The statute, section 3763, lists the classes of claims payable to witnesses much as the above sections list the fees of officers. We note it lists cases wherein defendant "is not convicted" and also those wherein "no indictment is found by the grand jury." "No indictment is found" is here treated as a distinct class from "not convicted." Like terms in related statutes are presumed to have the same meaning, unless a different intent is manifest.

Looking at the history of section 4039, it is found that originally "cases in which defendant is not convicted" was not listed among those wherein officers' fees were payable from the fine and forfeiture fund. This omission was noted in the case of Bilbro v. Drakeford, 78 Ala. 318, decided in 1884. The statute was amended at the next session of the Legislature, and appeared as section 4895 of the Code of 1886.

It thus appears the Legislature has expressly dealt with omissions from the officers' list of certain cases then listed in favor of state witnesses, and by amendment included cases wherein defendant was "not convicted," but still omitted those wherein there was "no indictment."

Construing these several related sections, we conclude the fee of the sheriff for serving a subpœna on a witness to appear before the grand jury, where no indictment is found, is not a lawful claim against the fine and forfeiture fund.

This was the view of the trial court.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.