139 So. 87

SWINDLE, County Treasurer, v. LONG.

6 Div. 970.

Supreme Court of Alabama.

Jan. 14, 1932.

Sowell & Gunn, of Jasper, for appellant.

56

Bankhead & Bankhead, of Jasper, for appellee.

FOSTER, J.

Section 6771 of the Code fixes the compensation of the members of the commissioners' court for their services as such at $3 per day while occupied in the discharge of their duties, and an additional allowance of $3 per day for duties performed in relation to public roads. Section 6748 provides that the judge of probate shall be a member of that court, and section 7285 allows the judge of probate $3 per day for presiding in the court of county commissioners and keeping its minutes, and $400 for duties in relation to public roads, provided the annual compensation from his office does not exceed $5,000. Section 6763 imposes upon him the duty to record the proceedings of the court, for which section 7285 provides for him a fee of 15 cents per hundred words.

■ We interpret those provisions of the law to mean that the compensation for his services as a member of the court is the same as that of the other members, except for the conditional provision of $400 pertaining to public roads. And there is further provision for his services by way of a fee for recording the proceedings, which is a duty imposed upon him as judge of probate in addition to his duties as a member of the court in common with the others.

■ A local act of September 7, 1927 (Loc. Acts 1927, p. 394), abolished the commissioners' court of Walker county, and in lieu thereof created a board of revenue, with the powers and authority of the commissioners' court. The members of the board are thereby required to devote full time to the duties of the office. An annual salary of $2,400 is fixed for each of them. The judge of probate is made chairman and ex officio member of the board. The act then provides that he "as chairman and ex officio member of said board shall receive a salary of twelve hundred dollars per annum," etc. He is not required to devote full time to his duties as a member of the board, and receives therefor only half of what the others do. But the act is perfectly clear that his salary of $1,200 is for his services as chairman and ex officio member of the board, and is in lieu of the compensation of $3 per day and the conditional allowance of $400 provided by section 7285, and is for the same services. And, as the sum of 15 cents per hundred words for recording the proceedings is a fee to him as probate judge for services in addition to the allowance for performing the duties imposed upon him as a member of the commissioners' court, so now it should be interpreted as a fee by way of compensation for services in addition to those imposed upon him as chairman and ex officio member of the board of revenue. Stone, Treas., v. Holcombe, 197 Ala. 293, 72 So. 536; Brandon, Auditor, v. Askew, Solicitor, 172 Ala. 160, 54 So. 605; Jackson v. Sherrod, 207 Ala. 245, 92 So. 481.

In the one instance it is a fee to the probate judge, regardless of his membership in and duties pertaining to the board of revenue. He would be required to render the service provided in section 6763 for which the fee is provided whether a member of the board or not.

We think that the circuit court was correct in thus holding, and its judgment is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.