159 So. 692

## CABLER v. MOBILE COUNTY.
### I Div. 852.

Supreme Court of Alabama.
Feb. 28, 1935.

George A. Sossaman, of Mobile, for appellant.

Gordon, Edington & Leigh, of Mobile, for appellee.

BOULDIN, Justice.

Appellant sued the county of Mobile to recover a sum alleged to be due him as a justice of the peace for fees in cases involving the seizure and condemnation of prohibited liquors under Code, § 4740 et seq.

The items of fees charged in each case are among those prescribed for justices of the peace in criminal cases, viz.: Issuing search warrant, $.75; complaint, $.25; issuing each subpoena or notice, $.25; trial, $1. Code, § 3753.

By special act the fine and forfeiture fund of Mobile county is consolidated with the general funds, and claims against the fine and forfeiture fund under the law are payable out of the consolidated funds. County of Mobile v. Powers, 103 Ala. 207, 15 So. 642; Stone, Treasurer, v. State ex rel. Holcombe, 197 Ala. 293, 72 So. 536; Herrmann v. Mobile County, 202 Ala. 274, 80 So. 112; Herrmann v. Mobile County, 16 Ala. App. 634, 80 So. 737; State ex rel. Wm. H. Holcombe, Jr. v. Geo. E. Stone, Treasurer, 229 Ala. 88, 155 So. 637.

So if the fees demanded are lawful charges against the fine and forfeiture fund, they are due to be paid out of the treasury of Mobile county.

Code, § 4761, provides: "In the event no one appears to contest the order of forfeiture

and condemnation * * * the costs shall be taxed and paid as costs are taxed and paid in criminal prosecutions wherein the state fails."

■ The fees claimed arose in cases of the class mentioned. The inquiry reduces itself to the one question: Are the fees of a justice of the peace in criminal prosecutions to be taxed and paid out of the fine and forfeiture fund of the county; and, therefore, out of the treasury of Mobile county by reason of the special statute mentioned?

Fees of justices of the peace in criminal cases are to be taxed and paid as per Code, § 3754. Claims payable out of the fine and forfeiture fund are defined by Code, § 4039, as amended by Gen. Laws 1927, pp. 45, 46.

These statutes are of long standing. They were construed as early as McPherson v. Boykin, 76 Ala. 602.

Section 5038 of the Code of 1876, then in force, has come down without change as section 3754 of the present Code. Section 4461 of the Code of 1876 is now section 4039, as amended by Gen. Laws 1927, pp. 45, 46. This section has been amended from time to time, but not as to the beneficiaries of the fine and forfeiture fund. It still provides that after payment of registered claims of state witnesses "the County Treasurer of such county must pay the fees of the officers of the Court arising from criminal cases in which the defendant is not convicted," etc. Section 4039, Code, as amended by Gen. Laws 1927, pp. 45, 46.

In McPherson v. Boykin, 76 Ala. 602, 603, supra, it was said of section 4461, now section 4039: "The latter section makes the fees only of officers of court payable, in certain cases, out of the fund arising from fines and forfeitures. A justice of the peace is not an officer of the Circuit Court, within the meaning of the statute, notwithstanding a prosecution originally instituted before him may be removed to that court."

This case definitely held fees of justices of the peace in criminal cases are not payable from the fine and forfeiture fund. To like effect is Bilbro v. Drakeford, 78 Ala. 318; Hawkins v. State ex rel. O'Brien, 124 Ala. 102, 27 So. 215. See, also, Kilgore v. Swindle, County Treasurer, 219 Ala. 378, 122 So. 333.

The statutes have been several times re-enacted subject to this construction. They are conclusive of this case.

Appellant relies upon Herrmann v. Mobile County, 202 Ala. 274, 80 So. 112. It is suffi-cient to say that case dealt with fees of the clerk of the inferior civil court of Mobile, under Local Acts 1911, p. 274. It does not purport to deal with fees of justices of the peace, nor even refer to the statute and decisions touching such fees.

Manifestly a justice of the peace in Mobile county cannot look to the county to pay the fees here involved, unless justices of the peace all over the state can look to the fine and forfeiture funds of their respective counties for the payment of such fees in condemnation cases, and indeed in all criminal prosecutions where the state fails.

■ No proposition is better settled than that the law of fees and costs is penal, to be strictly construed; no fee to be charged nor paid except in the manner provided by law. The office is taken cum onere, and services for which no provision for payment is made are gratuitous. Herrmann v. Mobile County, supra; Kilgore v. Swindle, County Treasurer, supra.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.