179 So. 637

**JEFFERSON COUNTY v. CAPANES.**

**6 Div. 281.**

Supreme Court of Alabama.

March 10, 1938.

Mullins, Deramus & Stuart, of Birmingham, for appellee.

ANDERSON, Chief Justice.

This case was tried upon an agreed statement of facts and the sole question presented by this appeal is whether or not the county is ·liable for the feed of a bailiff while in charge of or attending a jury kept together during deliberation by the order of the trial judge.

Whatever may be the inherent powers of the courts in other jurisdictions, it is well settled in this state that public officers are entitled to only such fees and costs as are expressly authorized. Mobile County v. Williams, Judge, 180 Ala. 639, 61 So. 963, and cases there cited, as well as section 7255 of the Code of 1923. The feed of the bailiff may not be a fee or cost, strictly speaking, but it is an allowance to him in addition to his regular compensation, and to be entitled to same there must be express statutory authority therefor.

Reliance is had on section 8692 of the Code of 1923 which provides for suitable lodging and refreshments for "jurors" when kept together by order of the court. This section makes no mention of bailiffs.

Ernest Matthews, of Birmingham, for appellant.

The case of Stone, Treasurer v. State ex rel. Holcombe, 197 Ala. 293, 72 So. 536, dealt with a special allowance made to the sheriff, and while the court held that the act expressly granting the allowance was not such an increase of the fees or compensation of the sheriff as forbidden by section 68 of the Constitution, as the allowance there made was within the exception contained in said section 68, there the allowance was made by an express act. Here, we find no statutory allowance for the lodging or refreshments for the bailiffs.

The judgment of the circuit court is reversed and one is here rendered in favor of Jefferson County, the appellant.

Reversed and rendered.

GARDNER, BOULDIN, and FOSTER, JJ., concur.