LUNN v. F. W. WOOLWORTH CO.

F. W. WOOLWORTH CO. v. LUNN.
No. 13266.

United States Court of Appeals
Ninth Circuit.
June 29, 1953.

Rehearing Denied Aug. 5, 1953.

Writ of Certiorari Denied
Nov. 30, 1953.

See 74 S.Ct. 224.

Charles E. Townsend, Jr., Stephen S. Townsend, Carl E. Hoppe, San Francisco, Cal., for appellant Lunn.

Boyken, Mohler & Beckley, W. Bruce Beckley, Gordon Wood, Wright & Larson, Randell Larson, San Francisco, Cal., for appellant Woolworth.

Before MATHEWS, STEPHENS and ORR, Circuit Judges.

MATHEWS, Circuit Judge.

On June 20, 1950, in the United States District Court for the Northern District of California, Southern Division, Annette S. Lunn, hereafter called plaintiff, brought an action against F. W. Woolworth Company, hereafter called defendant, alleging that defendant had infringed and was infringing a patent (No. 1,974,872) owned by plaintiff. The complaint prayed:

"(A) Judgment for general damages which shall be determined in a trial by jury and which shall be due compensation for making, using or selling the patented inventions,[1] but not less than a reasonable royalty therefor;

"(B) Judgment on the verdict of the jury for such sum as may be fixed by the court above the amount found by the verdict as actual damages sustained, according to the circumstances of the case, not exceeding three times the amount of such verdict;

"(C) Judgment for costs and interest; and

1. Plaintiff's patent was for one alleged invention, not two or more.

"(D) In the discretion of the court, an award of reasonable attorneys' fees."[2]

Defendant filed an answer to the complaint on October 12, 1950. Defenses pleaded were that the patent was invalid, and that, if valid, it was not infringed by defendant. On January 19, 1951, defendant filed an interrogatory requesting plaintiff to state which of the claims of her patent[3] she would rely on as being infringed. To that interrogatory plaintiff filed an answer on February 3, 1951, stating that she would rely on claim 4 of her patent as being infringed. On October 8, 1951, plaintiff was permitted to, and did, file a supplemental complaint, alleging that defendant had continued to infringe plaintiff's patent until September 25, 1951,[4] and praying judgment for damages therefor. There was a jury trial beginning on October 8, 1951, and ending on October 11, 1951. At the close of all the evidence, defendant moved for a directed verdict in its favor. The motion was denied. Thereafter, on October 11, 1951, the jury returned the following verdict:

"We, the jury, find in favor of the plaintiff and that the patent is valid and infringed by defendant and assess the damages against the defendant in the sum of Ten Thousand Nine Hundred Thirty-Eight and 60/100 ($10,938.60) which is based on what we have determined to be a reasonable royalty at .05 cents[5] per bag for 218,772 infringing bags sold by defendant."[6]

Thereupon, on October 12, 1951, a judgment was entered for plaintiff for $10,938.60 and costs. On October 19, 1951, defendant filed a motion to set aside the verdict and for a judgment in its favor notwithstanding the verdict or for a new trial. On October 23, 1951, plaintiff filed a motion "for an allowance of reasonable attorneys' fees and for increased damages in a sum above the verdict of $10,938.60, not exceeding three times said amount"—a motion which was, in effect, a motion to amend the judgment by increasing the amount thereof. On November 2, 1951, an order was entered denying the motions of October 19, 1951, and October 23, 1951.

Plaintiff did not appeal from the judgment, but appealed from that part of the order of November 2, 1951, which denied the motion of October 23, 1951. The order of November 2, 1951, was not a final decision, within the meaning of 28 U.S. C.A. § 1291, and was not appealable.[7] Plaintiff's appeal is therefore dismissed.

Defendant appealed from the judgment—the only final or appealable decision in this case. Its appeal will now be considered.

Defendant contends that the District Court erred in denying its motion for a directed verdict. One of the grounds of that motion was, in substance, that the evidence showed that claim 4 of plaintiff's patent—the only claim here involved—was invalid for lack of novelty and lack of invention. The evidence showed the following facts:

Plaintiff's patent was applied for by her on December 2, 1933, and was issued to her on September 25, 1934. It was for an alleged invention of hers. Her alleged invention related to bags. Claim 4 of her patent was for a bag

---

2. See 35 U.S.C.A., 1946 Edition, §§ 67, 70.

3. Plaintiff's patent contained five claims.

4. Plaintiff's patent expired on September 25, 1951.

5. Probably meaning five cents ($0.05).

6. The parties had stipulated that between November 29, 1949, and September 25, 1951, defendant sold 218,772 bags at retail prices ranging from 25 cents to $1.19 each. Plaintiff contended that defendant thereby infringed claim 4 of her patent.

7. See Republic Supply Co. v. Richfield Oil Co., 9 Cir., 74 F.2d 907, 909; Hicks v. Bekins Moving & Storage Co., 9 Cir., 115 F.2d 406; Libby, McNeill & Libby v. Mamskold, 9 Cir., 115 F.2d 786; Donovan v. Jeffcott, 9 Cir., 147 F.2d 198; Bowers v. E. J. Rose Mfg. Co., 9 Cir., 149 F.2d 612; Nealon v. Hill, 9 Cir., 149 F.2d 883; Wayne v. New York Life Ins. Co., 8 Cir., 132 F.2d 28.

"comprising an outer material, a lining material and a slide-fastener closure member [8] including tape members for attachment to the materials of the bag, stitching connecting said tape members to said outer and lining materials, said outer material forming side members for the bag and being connected together by stitching at the side edges thereof, said lining material forming side members for the bag and being connected together by stitching at the side edges thereof, all of the raw edges of the seams formed by said stitching being concealed between the outer material and the lining material."

Patent No. 1,479,591, applied for by Charles L'Enfant on June 29, 1922, and issued to him on January 1, 1924, described a bag comprising an outer material and a lining material, the outer material and the lining material forming side members for the bag and being connected together by stitching at the edges thereof, all of the raw edges of the seams formed by the stitching being concealed between the outer material and the lining material.

Patent No. 1,755,548, applied for by Joseph N. Lowe on August 23, 1927, and issued to him on April 22, 1930, described a bag comprising an outer material, a lining material and a slide-fastener closure member, including tape members for attachment to the outer material of the bag, stitching connecting the tape members to the outer material, the outer material and the lining material forming side members for the bag and being connected together by stitching at the edges thereof, all of the raw edges of the seams formed by the stitching being concealed between the outer material and the lining material.

Patent No. 1,842,792, applied for by Samuel Maksik on November 12, 1930, and issued to him or his assignee on January 26, 1932, described a bag comprising an outer material, a lining material and a slide-fastener closure member, including tape members for attachment to the materials of the bag, stitching connecting the tape members to the outer and lining materials, the outer material and the lining material forming side members for the bag and being connected together by stitching at the edges thereof, all of the raw edges of the seams formed by the stitching being concealed between the outer material and the lining material.

Thus the evidence conclusively showed that claim 4 of plaintiff's patent was invalid for lack of novelty, lack of invention or lack of both novelty and invention. We therefore hold that defendant's motion for a directed verdict should have been granted.

Judgment reversed.

8. In other words, a zipper.