## LUNN v. F. W. WOOLWORTH CO.

## F. W. WOOLWORTH CO. v. LUNN.

### No. 13266.

United States Court of Appeals,
Ninth Circuit.

Feb. 1, 1954.

Charles E. Townsend, Jr., Stephen S. Townsend, Carl E. Hoppe, San Francisco, Cal., for appellant Lunn.

Boyken, Mohler & Beckley, W. Bruce Beckley, Gordon Wood, Wright & Larson, Randell Larson, San Francisco, Cal., for appellant Woolworth.

Before MATHEWS, STEPHENS and ORR, Circuit Judges.

PER CURIAM.

In the United States District Court for the Northern District of California, in an action for damages for infringing a patent, plaintiff, Annette S. Lunn, obtained a verdict and a judgment against defendant, F. W. Woolworth Company, for $10,938 and costs. Plaintiff moved to amend the judgment by increasing the amount thereof. Defendant moved to set aside the verdict and for a judgment in its favor notwithstanding the verdict or for a new trial. An order was entered denying both motions. Plaintiff appealed from that part of the order which denied her motion. Defendant appealed from the judgment.

To prevent plaintiff from executing the judgment pending the appeal therefrom, defendant obtained a stay thereof by giving a supersedeas bond[1] in the sum of $12,000. The bond was executed by a surety company. For executing the bond, defendant paid the surety company a premium of $480.

We dismissed plaintiff's appeal and reversed the judgment.[2] The premium paid to the surety company for executing the bond was claimed by defendant and, over plaintiff's objection, was allowed and taxed by the clerk of this court[3] as a part of defendant's costs.

---

1. See Rules 62(d) and 73(d) of the Federal Rules of Civil Procedure, 28 U.S.C.A.

2. Lunn v. F. W. Woolworth Co., 9 Cir., 207 F.2d 174, certiorari denied 346 U.S. 900, 74 S.Ct. 224.

3. See paragraphs 3 and 5 of our Rule 25.

**160**

Plaintiff, contending that this was improper, moves to retax defendant's costs.

There is no merit in plaintiff's contention. The premium paid to the surety company was a necessary part of defendant's costs and was properly allowed and taxed as such.[4]

Motion denied.

---

4. Columbia Motor Car Co. v. C. A. Duerr & Co., 2 Cir., 184 F. 893, 916; Land Oberoesterreich v. Gude, 2 Cir., 93 F.2d 292; In re Northern Indiana Oil Co., 7 Cir., 192 F.2d 139; Edison v. American Mutoscope Co., C.C.S.D.N.Y., 117 F. 192;

Jones v. Edward B. Smith Co., C.C.E.D. Pa., 183 F. 990; The Walter Adams, D.C.R.I., 271 F. 358; Jenkins Petroleum Process Co. v. Sinclair Refining Co., D.C. Me., 26 F.Supp. 845.