145 So.2d 841

**S. P. KEITH**

v.

**Lehman J. LEWIS, Supervisor of Bureau of Loans.**

**3 Div. 958.**

Supreme Court of Alabama.

Oct. 18, 1962.

S. P. Keith, Jr., Birmingham, for appellant.

MacDonald Gallion, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for appellee.

LAWSON, Justice.

This is a declaratory judgment proceeding wherein the single question is whether the investigation fee required of licensees under the Alabama Small Loan Act (Act 374, approved November 6, 1959, Acts of Alabama 1959, Vol. 2, p. 966) need be paid only once or must be paid annually.

The trial court rendered a decree holding, in effect, that the investigation fee had to be paid annually. From that decree S. P. Keith, a licensee under the said Alabama Small Loan Act, appealed to this court.

The investigation fee and the license fee are both provided for in § 4 of the Alabama Small Loan Act, hereinafter sometimes referred to simply as the Act. Section 4 in pertinent parts reads:

"Section 4. Application and Fee. Application for a license shall be in writing, under oath, and in the form prescribed by the supervisor. The application shall give the approximate location where the business is to be conducted and shall contain such further relevant information as the supervisor may require, including the names and addresses of the partners, officers, directors, or trustees, and of such of the principal owners or members as will provide the basis for the investigations and findings contemplated by Section 5 of this Act. * * * At the time of making such application, the applicant shall pay to the supervisor [Supervisor of Bureau of Loans of the State Banking Department] the sum of one hundred dollars ($100) as a fee for investigating the application. All licensees under this Act shall pay an annual license of two hundred dollars ($200) which shall be due on October 1 of each year and shall be for one year ending September 30 following, and shall be delinquent on the first

day of November of each year. * * *"

Section 5 of the Act spells out the manner in which the investigation of the applicant is to be made.

The $100 fee which the legislature has called an investigation fee (§ 5) is payable to the supervisor of the Bureau of Loans of the State Banking Department to defray the cost of making the investigation of the applicant for license.

The Act in so far as it relates to the exaction of the investigation fee must be strictly construed against the State. In Cabler v. Mobile County, 230 Ala. 118, 159 So. 692, this court said: "No proposition is better settled than that the law of fees and costs is penal, to be strictly construed; no fee to be charged nor paid except in the manner provided by law."

The Act clearly requires the payment of an annual license fee of $200. But not so as to the investigation fee. There is no express requirement that such a fee be paid annually or that a person once licensed must file an annual application for license of the kind required by § 4 of the Act. We cannot supply this deficiency in the Act and at the same time comply with the rule that requires us to construe those provisions of the Act strictly.

In view of the foregoing, we are constrained to the conclusion that the only investigation fee which need be paid is that which must accompany the original application for license.

The decree of the trial court is reversed and the cause is remanded with direction that a decree be entered in accordance with this opinion.

Reversed and remanded.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.