ALMON, Justice.
Petitioners Purcell and Lake Forest obtained a reversal of judgments against them in Purcell Company, Inc., v. Spriggs Enterprises, Inc., 431 So.2d 515 (Ala.1983), in which this Court rendered judgment for Purcell and Lake Forest and ordered costs taxed against appellees. Purcell and Lake Forest petitioned the trial court to include the premiums of their supersedeas bonds as costs. Upon the denial of that petition, Purcell and Lake Forest filed this petition for writ of mandamus ordering the trial court to include the premiums as costs.
Rule 35, A.R.A.P., includes the provision that “if a judgment is reversed, costs shall be taxed against the appellee unless otherwise ordered.” Purcell and Lake Forest executed supersedeas bonds under the provisions of Rule 8, A.R.A.P. They contend that the premiums for these bonds were necessary costs of the appeal, because each of them was subject to a $662,500 judgment and they could not afford either to pay the judgments or to suffer execution against the real properties which they owned as part of their real estate businesses.
The right to recover costs exists only as granted by statute, because there was no such right at common law. State v. Inman, 239 Ala. 348, 195 So. 448 (1940); Ex Parte Cudd, 195 Ala. 80, 70 So. 721 (1916). Prior to the adoption of the Rules of Appellate Procedure, the first section of the title of the Code of Alabama governing costs and fees stated that “[t]he law of fees and costs must be held to be penal, and no fee must be demanded or received except in cases expressly authorized by law.” Code 1940 (Recomp.1958), title 11, § 1. Although this provision was not brought forward into the 1975 Code, the principle that the law of costs and fees is penal, and to be strictly construed, has long been cited and approved without reference to the Code section. Chatman v. Pizitz, Inc., 429 So.2d 969 (Ala.1983); Keith v. Lewis, 274 Ala. 145, 145 So.2d 841 (1962); Cabler v. Mobile County, 230 Ala. 118, 159 So. 692 (1935).
The old Code title on costs and fees was partially transferred to chapters of the 1975 Code title on courts, especially the chapter on court finances, § 12-19-1, et seq.; partially covered by the Rules of Civil Procedure (Rule 54) and Appellate Procedure (Rule 35); and partially dropped. Court costs in the appellate courts are now set out in Code 1975, § 12-19-91, as amended by Acts 1983, Act No. 83-744, § 18.
Nowhere in any of these provisions is there a reference to the premiums of supersedeas bonds as costs of appeal: see, for example, Rule 8, A.R.A.P., which authorizes the bonds; Code 1975, §§ 12-22-40 and -41, relating to the trial court’s order for and acceptance of supersedeas bonds; and Code 1975, §§ 12-22-72 through -76, allowing damages for affirmation of stayed judgments and execution for costs.
Purcell and Lake Forest cite cases from other jurisdictions in which the premiums of supersedeas bonds are taxed as costs. These cases are consistent with the principles cited above that costs may be taxed only as allowed by law, either by statutory authorization, Mercantile Investment & Holding Co. v. Gilliland, 148 Fla. 260, 4 So.2d 118 (1941); Houston v. First Federal Savings & Loan Ass’n, 144 Ind.App. 604, 248 N.E.2d 169 (1969); Henderson v. Northwest Airlines, 231 Minn. 503, 43 N.W.2d 786 (1950); local court rule, Lunn v. F. W. Woolworth, 210 F.2d 159 (9th Cir. 1954); or long-standing custom, Williams v. Sawyer Bros., 51 F.2d 1004 (2d Cir.1931).
*803 There being no authority in this state by statute, rule, or custom for allowing super-sedeas bond premiums as court costs, the petition for writ of mandamus is denied.
WRIT DENIED.
TORBERT, C.J., and FAULKNER, EM-BRY and ADAMS, JJ., concur.