# Bilbro *v.* Drakeford.

*Action on Official Bond of County Treasurer.*

1. *Fine and forfeiture fund; what clerk's certificate of claim against must show.*—Where the fees of a witness accrue in a criminal case in which there was no prosecutor, and in which the defendant was not convicted, the clerk need not certify that the costs were not taxed against the prosecutor; it is sufficient that he certify that the account is correct, and that the State failed to convict; and an amendment to the clerk's certificate made during a trial so as to show that the costs were not taxed against a prosecutor, is error without injury.

2. *Same; in what cases fees of officers constitute claim against.*—The cases in which the fees of officers of court are proper claims against the fine and forfeiture fund, are criminal cases in which the defendants have been convicted, and have been proved insolvent by the return of executions "no property found;" or in which the State enters a *nolleprosequi;* or where the indictment has been withdrawn and filed; or the prosecution abated by the death of the defendant. There is no provision for the payment of fees where the defendants are not convicted.

[Bilbro v. Drakeford.]

3. *Same; entering fees in book.*—While, if the record were silent on the subject, this court would, if necessary to the validity of their claims, presume that the clerk of a court or a sheriff had kept the fee-book required by statute; yet, when it appears that they have not kept the books, their fees are not a valid claim against the fine and forfeiture fund—the statute (Code, § 5007) expressly forbids them to receive any fee which has not been entered on the fee-book.

4. *Same; fees of justice of the peace.*—Under the authority of *Mc-Pherson v. Boykin*, 66 Ala. 602, the fees of a justice of the peace, in criminal cases, are not a proper claim against the fine and forfeiture fund.

5. *Same; witness fees.*—It is only the fees of State witnesses who appear before the grand jury, or before the court in which the indictment or prosecution is pending, that are entitled to be paid out of this fund; and the fees of witnesses who attend preliminary trials before a committing magistrate, or applications for bail, are not within the provisions of the statute.

6. *Same; fees of witnesses in County Court of Macon county.*—The County Court of Macon county having by statute concurrent jurisdiction with the Circuit Court for the trial of certain misdemeanors, the fees of State witnesses in criminal cases tried and determined by the County Court, in which the defendants were not convicted, and the costs not taxed against a prosecutor, are proper claims against the fine and forfeiture fund.

7. *Fee-book of clerk and sheriff.*—The object of the statute (Code, § 5007) is, that fee-books shall be kept, open to inspection of parties in interest, in which shall be entered every fee for each and every distinct service rendered; and to compel obedience, the penalty is the forfeiture of all fees if no book is kept, and if one is kept, of all fees not entered therein.

APPEAL from the Circuit Court of Macon.

Tried before the Hon. JAS. E. COBB.

The appellee commenced this action against John B. Bilbro, who is the county treasurer of Macon county, to recover damages for the failure of Bilbro to pay certain claims against the fine and forfeiture fund of Macon county, when he had in his possession sufficient money belonging to that fund to pay the claims of plaintiff and all those having priority over his. On the trial, the plaintiff read in evidence a witness certificate issued to a State witness for attendance upon the trial of a prisoner in the Circuit Court. This certificate was signed by the circuit clerk, and was indorsed by him, "State failed to convict." The defendant objected to the certificate as evidence, because—1st, it showed on its face that it was not a valid claim against the fine and forfeiture fund; and, 2d, because it did not show by the indorsement that the costs in the case had not been taxed against the prosecutor. The court having sustained the objection, the plaintiff asked leave to allow the clerk to amend his indorsement on said certificate, so as to make it read as follows: "State failed to convict, and no prosecutor." It was admitted that there was no prosecutor. The court allowed the amendment, and the defendant excepted.

[Bilbro v. Drakeford.]

The defendants then objected to the certificate on these grounds : 1st, because at the time it was filed against the fine and forfeiture fund, it did not show that the State had failed to convict in the case, and that there was no prosecutor; 2d, because said certificate shows there was no prosecutor in the case. The court overruled their objections, and they excepted. The remainder of the claims held by the plaintiff were in all respects similar to the one described above, and it was agreed that the decision of the court as to that should govern as to the others.

The defendants then introduced eight claims against the fine and forfeiture fund, which had been registered prior to the claims sued on, and were due and unpaid ; and it was agreed that, if said claims were valid, then judgment should be rendered for the defendant, as there would not then be sufficient money belonging to the fine and forfeiture fund to pay the claims of plaintiff, but, if the claims were invalid, there would be enough to pay the claims of plaintiff, and judgment should be rendered for him. The first of these claims was one asserted by the sheriff, for fees in certain criminal cases. It was shown that the sheriff did not keep a fee-book. His claim was objected to on this ground; the objection sustained, and defendants excepted. The second claim was one in favor of the clerk of the Circuit Court, for fees in criminal cases. It was shown, also, that the clerk kept no fee-book, and an objection on this account to his claim was sustained by the court; and defendants excepted. The third claim was one by a justice of the peace, for his fee on the trial of a defaulting road hand. An objection to this claim, on the ground that it was not a charge on the fine and forfeiture fund of the county, was sustained, and defendants excepted. The fourth claim consisted of claim by a justice of the peace for fees in the trial of a defendant charged with petit larceny, and acquitted. This claim was also objected to, as invalid against the fine and forfeiture fund; the objection was sustained, and defendants excepted. The fifth claim consisted of the fees of a witness for the State, who attended *habeas corpus* proceedings before the probate judge to fix the amount of bail. This claim was also rejected, on the ground that witness fees in such cases were not a proper charge on the fine and forfeiture fund, and the defendants excepted. The sixth claim was for the fees of a witness who attended a trial of a defendant in the County Court, to which the trial had been transferred after indictment in the Circuit Court. This claim was also rejected, on the ground that it was not a valid claim against the fine and forfeiture fund ; and defendants excepted. The seventh claim was the fees of witness before the probate judge, on the preliminary trial of a prisoner

charged with grand larceny. Upon objection that the claim was not a proper one against the fine and forfeiture fund, the court excluded the claim, and the defendants excepted. The eighth claim was for fees of a witness on the trial of a defendant in the County Court of Macon county, charged with petit larceny, who was acquitted. This claim was also ruled out, on objection that it was not a proper charge against the fine and forfeiture fund, and defendants excepted. A jury being waived, the court then rendered judgment for the plaintiff; and the defendants bring the case here by appeal, and assign the various ruling to which exceptions were taken as error.

J. A. BILBRO, for appellant.

WALPOLE C. BREWER, *contra*. (No briefs on file.)

CLOPTON, J.—It appears from the record there was an agreement, that if the claims offered in evidence by the defendants were valid claims on the fine and forfeiture fund, judgment should be rendered for the defendants, and if invalid, judgment should be rendered for the plaintiff. We construe this as a waiver of any objection to the claim of the plaintiff. But, as we may misunderstand the extent of the agreement, it is proper to say, that the clerk is required to certify that the costs are not imposed on the prosecutor, only in cases where there is a prosecutor. If there be no prosecutor, a certificate that the defendant was not convicted is sufficient. Allowing the clerk to amend the certificate at the trial, is error without injury.

The cases in which the fees of the officers of court are made claims against the fine and forfeiture fund, are criminal cases in which the defendants have been convicted, and have been proved insolvent by the return of executions "no property found;" or in which the State enters a *nolle-prosequi;*. or where the indictment has been withdrawn and filed; or the prosecution abated by the death of the defendant. No provision is made for the payment of fees arising from criminal cases, in which the defendants are not convicted.

The record discloses that the clerk and sheriff kept no fee-books, as required by law. If this were not affirmatively shown, we would probably presume they did their duty. Section 5007 of Code provides : " No clerk or sheriff is allowed to take or demand any fee for any service by him performed, which is not justified by the charge made, and entered in his fee-book." The object of the statute is, that fee-books shall be kept open to the inspection of parties in interest, in which shall be entered every fee for each and every distinct service rendered;

and to compel compliance with the law, the penalty is a forfeiture of all fees, if no such book is kept, and if one is kept, of all fees not entered therein. Preliminary to the right to take or demand fees is a charge made and entered in the fee-book. Claims for fees which the clerk or sheriff is not allowed to take or demand can not be regarded as entitled to be paid out of the fines and forfeiture fund.

On the testimony of *McPherson v. Boykin*, at the present term, where the question was considered and decided, there is no error in ruling that the fees due to a justice of the peace are not valid claims.—76 Ala. 466.

The fees of witnesses who attend on preliminary trials before a committing magistrate, or on applications for bail, are not embraced within the provisions of the statute. The fees of State witnesses who appeared before the grand jury, or before the court in which the indictment or prosecution is pending, only are entitled to be paid out of the fund. Code, § 4459.

By the special act in relation to the trial of misdemeanors in Macon county, in force in 1881, concurrent jurisdiction with the Circuit Court for the trial of all misdemeanors, except violations of the revenue law, is conferred on the County Court, and the clerk of the Circuit Court is made the clerk of the County Court.—Sess. Acts 1874-5, p. 235. The terms of section 4459 are comprehensive enough to include the fees of State witnesses in criminal cases pending in any court, having jurisdiction to hear and adjudge finally, and having a clerk to issue the requisite certificate. The organization and jurisdiction of the County Court of Macon county answer to these conditions ; and we can conceive no sufficient reason why the fees of State witnesses in criminal cases tried and determined by the County Court, in which the defendant is not convicted, and the costs are not imposed on the prosecutor, should not be claims against the county, to be paid out of the fine and forfeiture fund.

As it does not affirmatively appear from the record, that the county treasurer had a surplus of the fund over and above the amount necessary to pay the fees of State witnesses in the County Court having priority of payment, sufficient to pay the claims of the plaintiff, for the error in disallowing such claims, the judgment must be reversed.

Reversed and remanded.