1 So.2d 920

## MELTON v. STATE.

2 Div. 695.

Court of Appeals of Alabama.

April 22, 1941.

lation that defendant shall pay the costs of the case. The defendant, failing to pay the costs, was sentenced to 103 days hard labor, and appeals.

This purported judgment, we think, is totally void and inoperative. The law of costs and fees is penal and must be strictly construed. Cabler v. Mobile County, 230 Ala. 118, 119, 159 So. 692. Costs and fees can only be taxed when expressly provided by law. 1923 Code of Alabama, Section 3734; Bilbro v. Drakeford, 78 Ala. 318. There is no authority of law for such taxation of costs, the case against the defendant having been dismissed. Costs and fees are assessable against a defendant in a criminal case only on his conviction. Bilbro case, supra. Some sections of the Code, supra, each with this specific proviso, are listed: 3738, solicitor's fees; 3740, clerk's fees; 3750, sheriff's fees; 3755, preliminary proceedings; 3763, witness fees.

The reason for our conclusion is otherwise obvious. The order of dismissal or nolle prosequi of the case is a judicial determination in favor of the defendant and against his conviction.

A judgment such as the foregoing presents the anomaly of releasing the defendant upon the charge and, at the same time, of not releasing him, but, instead, rendering judgment against him and attempting to enforce that judgment by a restraint of his liberty. The inconsistency is manifest. The law does not permit it.

It is observed that this practice has heretofore been denounced in opinions of the Attorney General of Alabama (Op., Attorney General, Office Edition, Vol. 4, p. 79, May to June, 1931; Op., Quarterly Rep., Vol. 6, p. 156–7, January to March, 1937). Although not binding here, these opinions are correct.

The prosecution against defendant having been dismissed in the lower court and the sentence imposed upon him for payment of costs being void, it is hereby ordered that said purported sentence be expunged from the record. Judgment is here rendered discharging the defendant from further custody in the proceeding.

Reversed and rendered.

No attorney for appellant.

Thos. S. Lawson, Atty. Gen., for the State.

SIMPSON, Judge.

Appeal is from an order of nolle prosequi upon motion of the solicitor, with the stipu-