14 So.2d 259

## LYNN v. STATE.

### 4 Div. 767.

Court of Appeals of Alabama.

June 15, 1943.

Rehearing Denied June 22, 1943.

A. L. Patterson, of Phenix City, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and John J. Haynes, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The indictment charged that defendant unlawfully, maliciously, and intentionally put out or destroyed the eyes of Susie Davidson. In other words, the indictment charged the offense of mayhem as defined by Section 359, Title 14, Code of Alabama, 1940.

The testimony for the State tended to show that on or about the 7th day of August, 1941, Catherine Lynn, the appellant, had a difficulty with Susie Davidson upon one of the public streets of the city of Phenix City, Russell County, Alabama, and in that difficulty Catherine Lynn threw some substance into the face of Susie Davidson, alleged by the witnesses, who testified for the State, to be either potash, or a mixture of kerosene oil and potash, and that in said difficulty said Catherine Lynn also hit Susie Davidson with a stick.

The testimony shows without dispute that there was only one fight between the parties. Immediately after the difficulty, Susie Davidson procured a warrant of arrest to be issued out of the County Court of Russell County, Alabama, for the arrest of Catherine Lynn for the offense of assaulting and beating Susie Davidson with a stick. Upon this warrant she was arrested by the Sheriff of Russell County, Alabama, and by him admitted to bail, and said warrant was returned into the County Court of Russell County, Alabama, where the case was regularly docketed.

According to the testimony offered by the defendant upon this aspect of the case, the defendant appeared in the County Court to answer said prosecution and upon being arraigned upon the affidavit and warrant she interposed her plea of not guilty and after so pleading, and after some inquiry was made into the facts of the case, a judgment of nolle prosequi was duly and regularly entered by the County Court of Russell County, Alabama, in said criminal prosecution, and this without any connivance upon the part of the defendant.

Thereafter Catherine Lynn was indicted by a grand jury of Russell County upon the criminal charge of Mayhem, and upon her arraignment in the Circuit Court of Russell County, Alabama, to answer said indictment said Susie Davidson interposed her pleas of former jeopardy, and former acquittal, based upon the judgment of nolle prosequi in the County Court upon the criminal charge of assault and battery. To this plea the State by its Solicitor filed its replication, as follows: "A warrant and affidavit were issued for the defendant charging her with the offense of assault and battery, and a case was docketed in the County Court of Russell County, Alabama, but that said case was nol prossed in County Court and the defendant was never tried."

The defendant demurred to the above replication of the State upon appropriate grounds of demurrer testing the sufficiency of said replication as an answer to defendant's plea of former jeopardy. This record does not show the judgment of the trial court upon said demurrer.

A criminal charge of mayhem embraces and includes a criminal charge of assault and battery; 31 C.J. 868, Section 521; Oliver v. State, 234 Ala. 460, 175 So. 305; Russell v. State, 231 Ala. 297, 165 So. 255.

■ The nolle prosequi of a criminal charge by a court of competent jurisdiction, and after the person charged has been arraigned upon the accusation and has interposed a plea thereto is a judicial determination in favor of the defendant and against his conviction. Melton v. State, 30 Ala.App. 136, 1 So.2d 920.

The defendant offered evidence in support of said plea of former jeopardy and the State also offered testimony upon this issue. This testimony was in sharp conflict. It will serve no good purpose to discuss said testimony at length. Suffice it to say that the testimony for the defendant tended to support the allegations of her plea of former jeopardy. The testimony offered by the State was to the contrary. At the conclusion of the taking of testimony upon the issue of defendant's plea of former jeopardy and the State's replication thereto, the court, at the request of the State, gave to the jury the following written charge: "I charge you that if you believe the evidence in this case beyond a reasonable doubt you must find the issue of former jeopardy or acquittal against the defendant."

Whereupon the jury retired to make up its verdict and immediately thereafter said jury returned its verdict against the defendant upon said plea.

This record does not show any judgment of the trial court upon the verdict of the jury, but it does show that said verdict was returned into court and that no judgment of the court was pronounced upon the defendant's said plea in abatement.

■ It is the opinion and judgment of this court that the trial court erred in giving the affirmative charge in favor of the State and against the defendant upon the defendant's plea of former jeopardy. Even in civil cases it is error for the trial court to give the affirmative charge upon any issue, when the testimony upon that issue is in conflict. This proposition is so well established in this and other jurisdictions as to need no citation of authority in support thereof.

It is contended by the State upon this appeal that if error was committed by the trial court upon this question it was error without injury and the insistence is that the affidavit and warrant upon which appellant was tried in the county court charged an assault and battery with a stick, while the indictment charged that the defendant unlawfully, maliciously and intentionally put out or destroyed the eyes of Susie Davidson, and that the proof offered by the State in support of said charge of Mayhem tended to show that the defendant put out or destroyed the eyes of Susie Davidson by throwing potash, or some mixture or concoction thereof, into the eyes of the said Susie Davidson. In other words that defendant committed two separate and distinct indictable offenses in one and the same fight.

All the proof introduced upon the trial of the case showed that there was one fight, or altercation, between the defendant and Susie Davidson upon a public street in the city of Phenix City, Russell County, Alabama. There was not one fight, in which a stick was used by the defendant, and another and separate fight in which the defendant threw potash, or some mixture thereof, into the eyes of Susie Davidson.

■ A single offense cannot be split up and subdivided into two or more indictable offenses. If the State elected, and in this case it did elect, to prosecute the defendant for an assault and battery in one of is phases or aspects, it could not afterwards prosecute said assault and battery under cover of some other name. The State is without authority to split up one crime and prosecute it in parts. Savage v. State, 18 Ala.App. 299, 92 So. 19; Everage v. State, 14 Ala.App. 106, 71 So. 983; Moore v. State, 71 Ala. 307; Claude Crosswhite v. State, ante, p. 181, 13 So.2d 693.

■ The trial court having received the verdict of the jury upon defendant's plea of former jeopardy, a plea in abatement, should have rendered, or pronounced the judgment of the court upon said plea. This judgment should have been entered upon the minutes of the court. This record contains the judgment entry which we have examined with care. It does not contain the judgment of the court upon defendant's demurrer; it does not contain the judgment of the court upon the defendant's plea of former jeopardy, or former acquittal. This being true the trial court did not have jurisdiction and authority to try the case upon its merits and render a final and binding judgment therein, without first disposing of the

·defendant's said plea, or pleas in abatement. Inter-Ocean Casualty Co. v. Banks, ante, p. 103, 12 So.2d 570.

After the judgment of conviction of the defendant was pronounced and entered by the trial court, the defendant filed her motion for a new trial setting up as error committed by the trial court the matters hereinabove referred to, that is that the trial court erred in giving the affirmative charge upon her pleas of former jeopardy and former acquittal; that the trial court erred in placing the defendant upon trial on the indictment, preferred against her, and that the trial court erred in its judgment against the defendant dated December 11, 1942.

Defendant offered in support of her said motion all of the pleadings filed in said case, the judgment entry therein and all of the testimony had upon the trial of said case.

The trial court overruled and denied said motion for a new trial and from the judgment of the trial court overruling and denying said motion this appeal is also taken.

For the reasons hereinabove set out it is the judgment of this court that the trial court erred in overruling and denying said motion for a new trial.

In accordance with the reasons herein above expressed, and upon the authorities cited, the judgment of the trial court is hereby reversed and this cause is remanded for another trial.

Reversed and remanded.