This is an appeal from a summary judgment. We reverse.
On August 16, 1980, Delores Chatman went shopping in a Pizitz store in Fairfield, Alabama. Her four-year-old child, Clarence, accompanied her. After completing her shopping, Ms. Chatman wrote a check to pay for the purchases. Subsequently, Mike Matthews, an employee of Pizitz, told her to come to the manager's office because she was under arrest for issuing a worthless check to Pizitz on December 22, 1978, for $43.45. A warrant for her arrest was issued on July 16, 1979, for violation of § 13A-9-13, Code 1975.
Ms. Chatman was detained in the Pizitz store for three hours. During this time, her child was allegedly in a frightened and terrified emotional state. Eventually, the police came and transported her to the Birmingham jail.
On September 10, 1980, Ms. Chatman appeared in the Municipal Court of Birmingham, without counsel, and entered a plea of guilty for violating § 13A-9-13. The record is silent as to whether she was informed of her right to counsel, and whether the trial judge complied with Boykin v. Alabama, 395 U.S. 238,89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), before accepting the guilty plea.
After Ms. Chatman entered the guilty plea, the charge wasnol-prossed; she was assessed, and she paid, the court costs of $17.00, and she made restitution to Pizitz for the allegedly worthless check in the amount of $43.45.
On October 31, 1980, Ms. Chatman filed a suit for damages in the Circuit Court of Jefferson County against Pizitz for malicious prosecution and abuse of process; her husband Robert sued for loss of consortium, and solace of his wife, and he, as next friend of the child, sued for mental pain and anguish because he was separated from his mother following her arrest. Pizitz's motion to dismiss the cause of action for failure to state a claim upon which relief could be granted was denied. Following this order, Pizitz answered by pleading the general issue of not guilty and denial. On October 18, 1981, Pizitz's motion for summary judgment was granted by the trial court, and a final judgment pursuant to Rule 54 (b), ARCP, was entered in favor of Pizitz.[1] The Chatmans appeal.
The principal issues presented for review are: (1) Whether a guilty plea followed by a nolle prosequi precludes Chatman from maintaining an action for malicious prosecution, and (2) under the same facts, is she precluded from maintaining an action for abuse of process?
Pizitz argues that an essential element of malicious prosecution is missing, i.e., there was no determination of a judicial proceeding favorably to the plaintiff, by relying on a comment to Restatement (Second) of Torts, § 660 (1977), and concluding that the nolle prosequi was a compromise. Comment C of that Restatement provides:
 "Although the accused by his acceptance of a compromise does not admit his guilt, the fact of compromise indicates that the question of his guilt or innocence is left open. Having bought peace the accused may not thereafter assert that the proceedings have terminated in his favor." *Page 971 
In this case, Pizitz's conclusion, drawn from Comment C, begs the question. Here, while the evidence may support a "compromise," this is an issue of fact yet to be determined, not a conclusion to be drawn as a matter of law. To be sure, Ms. Chatman actually entered a guilty plea, which plea if valid, and entered in response to a charge not subsequently dismissed, would have admitted her guilt.
Judge Simpson of the Court of Appeals of Alabama wrote to the judicial practice of an accused's entering a guilty plea — followed by a nolle prosequi — and payment of court costs by the defendant in Melton v. State, 30 Ala. App. 136, 1 So.2d 920
(1941):
 "Appeal is from an order of nolle prosequi upon motion of the solicitor, with the stipulation that defendant shall pay the costs of the case. The defendant, failing to pay the costs, was sentenced to 103 days hard labor, and appeals.
 "This purported judgment, we think, is totally void and inoperative. The law of costs and fees is penal and must be strictly construed. Cabler v. Mobile County, 230 Ala. 118, 119, 159 So. 692. Costs and fees can only be taxed when expressly provided by law. 1923 Code of Alabama, Section 3734; Bilbro v. Drakeford, 78 Ala. 318. There is no authority of law for such taxation of costs, the case against the defendant having been dismissed. Costs and fees are assessable against a defendant in a criminal case only on his conviction. Bilbro case, supra. Some sections of the Code, supra, each with this specific proviso, are listed: 3738, solicitor's fees; 3740, clerk's fees; 3750, sheriff's fees; 3755, preliminary proceedings; 3763, witness fees.
 "The reason for our conclusion is otherwise obvious. The order of dismissal or nolle prosequi of the case is a judicial determination in favor of the defendant and against his conviction.
 "A judgment such as the foregoing presents the anomaly of releasing the defendant upon the charge and, at the same time, of not releasing him, but, instead, rendering judgment against him and attempting to enforce that judgment by a restraint of his liberty. The inconsistency is manifest. The law does not permit it.
 "It is observed that this practice has heretofore been denounced in opinions of the Attorney General of Alabama (Op., Attorney General, Office Edition, Vol. 4, p. 79, May to June, 1931; Op., Quarterly Rep., Vol. 6, p. 156-7, January to March, 1937). Although not binding here, these opinions are correct." (Emphasis added.)
Following Melton, Judge Bricken stated in Lynn v. State,31 Ala. App. 216, 14 So.2d 259 (1943), that the nolle prosequi of a criminal charge after a person has entered a plea thereto is a judicial determination in favor of the defendant, and against his conviction. Finally, in 54 C.J.S. Malicious Prosecution, § 59 (1948), this is stated:
 "The entry of a nolle prosequi has generally been held to be a sufficient termination of a criminal proceeding to support an action for malicious prosecution.
 ". . . [T]he weight of authority is to the effect that it puts an end to the particular prosecution and is a sufficient termination thereof to authorize accused to sue for malicious prosecution."
Cf. Roughton v. Jackson, 37 Ala. App. 17, 64 So.2d 112 (1952), cert. denied, 258 Ala. 579, 64 So.2d 115 (1953).
We agree with Melton and Lynn and hold that a nolle prosequi
of the charge is a judicial determination which will support the plaintiff's prima facie showing of the "favorable disposition" element of a malicious prosecution claim.
In the context of a malicious prosecution suit, however, plaintiff's prima facie case may be overcome by a showing that the dismissal of the criminal charge was a component element of a settlement or compromise agreement between the parties. Where defendant in a malicious prosecution suit fails to come forward with evidence of compromise, plaintiff's proof of nolleprosequi or order of dismissal of the criminal charge meets the "favorable disposition" requisite of a malicious prosecution claim as a matter of law. On the other hand, where *Page 972 
defendant's proof of compromise is unchallenged by plaintiff, notwithstanding plaintiff's proof of dismissal of the criminal charge, defendant is entitled to judgment as a matter of law. To paraphrase the Restatement: A malicious prosecution plaintiff, having bought his peace, may not thereafter assert that the criminal proceedings were terminated in his favor.
It follows, then, that where the parties join issue by way of pleadings and proof with respect to the defense of compromise, that issue is to be resolved by the jury like any other triable issue of fact.
Next, Pizitz raises the issue of probable cause. The answer is that Chatman can make out a prima facie case of a lack of probable cause by showing that the criminal proceedings instituted against her by Pizitz were nol prossed (Caldwell v.Standard Oil Co., 220 Ala. 227, 124 So. 512 (1929)), subject to the same standard of proof necessary to overcome that presumption as discussed above.
We believe, and so hold, that justice requires this case to be remanded for trial, pursuant to the principles herein set forth, as to both the issue of compromise with respect to the disposition of the criminal proceedings and the issue of probable cause, as well as to the claim for abuse of process. Our order reversing and remanding this cause is not to be construed as overlooking the immunity provision of § 13A-9-13.2
(3), Code 1975. The proof upon trial after remand will determine whether defendant has met the conditions of immunity prescribed by the statute, if applicable.
REVERSED AND REMANDED.
JONES, EMBRY, BEATTY and ADAMS, JJ., concur.
TORBERT, C.J., concurs in part and dissents in part, joined by MADDOX, J.
ALMON, J., dissents, joined by SHORES, J.
[1] The record is confusing as to why the trial court entered a Rule 54 (b) order. The brief of appellee leads us to believe that the trial court intended to limit its summary judgment to the malicious prosecution claim, the "favorable disposition" element not being essential to an abuse of process claim.Tarver v. Household Finance Corp., 291 Ala. 25, 277 So.2d 330
(1973).