TYSON, Judge.
Barbara LaShelle Guyton was indicted for assault in the first degree, in violation of § 13A-6-20, Code of Alabama 1975. The jury found this appellant “guilty as charged” and the trial judge sentenced her to 20 years’ imprisonment in the penitentiary. The only question raised on appeal was the failure of the trial court to give four of the appellant’s written requested charges.
The evidence in this case was circumstantial. On July 15, 1984, the victim, two and one-half month old Demetrius Guyton was admitted to the Walker County Regional Hospital due to illness. On the night of July 16, 1984, the appellant (the victim’s mother) was visiting with Demetrius. At approximately 8:30 p.m., the appellant came out of Demetrius’ room asking for help. The appellant stated that something was wrong with the baby. Nurses discovered the baby having seizures, vomiting and foaming at the mouth. There was an acid smell in the room and stains on the bed which, when touched, gave off a burning sensation. A castor oil bottle was found in a sack in the baby’s room. The liquid in the bottle had an acid smell and would burn when touched. The liquid was later tested and was determined to be consistent with hydrochloric acid. No finger *1052 prints were lifted off the bottle and there was no castor oil in the bottle.
Appellant, Barbara Guyton, testified that she used castor oil on her hair and had brought a bottle of castor oil to the hospital on the night of July 16, 1984. She stated that while she was in the bathroom in Demetrius’ room she heard a noise. She looked out of the bathroom and saw a nurse by Demetrius. A short while later, Demetrius began to make noises and she walked over to look at him. She saw blood or water in his mouth and then went into the hallway to get help for the baby. She denied pouring anything on Demetrius or giving him anything.
Dr. William Birdsong testified that he saw Demetrius on the night of July 16, 1984. Upon his arrival at the hospital, the baby had a tube in his mouth to help him breathe. Dr. Birdsong stated that Demetrius had neck, shoulder and facial burns and that his condition was critical at that time. The burns were consistent with an acid-type burn.
Dr. Charles Baldwin testified that he examined Demetrius on July 17,1984. Demetrius had caustic burns on his face and shoulder and there were burns on his lips and his oral cavity. Dr. Baldwin testified that, because of the difficulty Demetrius was having breathing, there might have been damage to his esophagus and trachea. Further, some of these burns were very deep third degree burns and resulted in disfigurement of the child’s face.
I
The appellant alleges that the trial court erred in refusing two written requested charges on the lesser included offense of assault in the second degree. We do not agree.
A charge on a lesser included offense should not be given when there is no reasonable theory from the evidence to support such a proposition. When the evidence clearly shows the appellant is either guilty or innocent, the charge on a lesser included offense is not necessary or proper. Daly v. State, 442 So.2d 143 (Ala.Crim. App.1983); Phelps v. State, 435 So.2d 158 (Ala.Crim.App.1983); Gwin v. State, 425 So.2d 500 (Ala.Crim.App.1982), writ quashed, 425 So.2d 510 (Ala.1983).
Further, a court may properly refuse to charge on lesser included offenses when it is “clear to the judicial mind that there is no evidence tending to bring the offense within the definition of the lesser offense.” Phelps, supra; Wesly, supra; Chavers v. State, 361 So.2d 1106 (Ala.1978).
The appellant testified that she did not commit the crime in this case. She never admitted committing the crime in her statements to police and, further, she stated that a nurse must have given the baby the wrong medicine. It is clear to this court that the trial judge properly refused the charges in this instance. There was absolutely no evidence upon which to base a conviction for assault in the second degree as defined by § 13A-6-21(a)(1) and (4), Code of Alabama 1975.
II
The appellant contends that the trial court erred in refusing her written requested charge number 8. This charge requested by appellant reads as follows: (R. 425)
“The court charges the jury that if after considering all of the evidence in this case, there should spring up involuntarily in your minds from any part of the evidence a probability of Defendant’s innocence, then the form of your verdict then you should find the Defendant not guilty.”
This charge was properly refused for several reasons, the most obvious one being that the charge contains grammatical errors. See Turner v. State, 43 Ala.App. 42, 179 So.2d 170 (1965); Bascom v. State, 344 So.2d 218 (Ala.Crim.App.1977); Malone v. State, 421 So.2d 1357 (Ala.Crim.App. 1982). Additionally, this charge was fairly and substantially covered by the court’s oral charge and, for that reason, its refusal does not constitute error. See Henderson v. State, 460 So.2d 331 (Ala.Crim.App.1984); Grace v. State, 456 So.2d 862 (Ala. Crim.App.1984); Pace v. City of Montgomery, 455 So.2d 180 (Ala.Crim.App.1984).
*1053 hi
Appellant’s final contention is that the trial court erred in refusing her written requested charge regarding the character and sufficiency of circumstantial evidence.
The only portion of the trial court’s oral charge to the jury concerning circumstantial evidence is as follows: (R. 366)
“Circumstantial evidence. Circumstantial evidence is basically evidence which surrounds an event. Direct evidence is eye witness evidence that someone sees. Circumstantial evidence is evidence that comes in that tends to indicate that something has occurred. The ground rules for finding a defendant guilty under circumstantial evidence is the same as it is under direct evidence. You must be convinced beyond a reasonable doubt and to a moral certainty that the circumstantial evidence — It has to be that strong for you to find the defendant guilty. The same rule of thumb that you use with direct evidence.
The trial court refused appellant’s written requested instruction number 5, which reads as follows: (R. 422)
“The court charges the jury that the tests of the sufficiency of circumstantial evidence is whether the circumstances proved produce a moral conviction to the exclusion of all reasonable doubt of the guilt of the Defendant. That is, whether the circumstantial evidence is incapable of explanation upon any reasonable hypothesis consistent with the Defendant’s innocence. There should not be a conviction upon circumstantial evidence, unless to a moral certainty the circumstances excludes every other reasonable hypothesis than that of the guilt of the accused. No matter how strong may be the circumstances, if they can be reconciled with the theory that the Defendant is innocent, then the guilt of the accused is not shown by that full measure of proof the law requires and the Defendant should be acquitted.” (Emphasis added)
It is clear from the record that the appellant was convicted on circumstantial evidence.
At the conclusion of the court’s oral charge to the jury, defense counsel objected to and excepted to the failure of the court to give his written requested charge number 5. Defense counsel then stated and objected to the failure to charge the jury “that to find the defendant not guilty they must believe from all the evidence that there is a reasonable doubt.” (R. 369). The trial court then extended its oral charge by giving written requested charge number 11 covering this. No further exception was taken.
However, appellant has failed to preserve any error in this cause as he failed to submit a proper charge. In Cobb v. State, 505 So.2d 385 (Ala.1985), the Alabama Supreme Court held that “[t]he expression ‘all reasonable doubt' has been rejected in favor of the conventional ‘a reasonable doubt,’ as the proper standard to be applied, Chavers v. State, 361 So.2d 1106 (Ala.1978); Craft v. State, 402 So.2d 1078 (Ala.Cr.App.1981).” The trial judge will not be held in error for refusing a faulty written requested charge.
The proper procedure in this cause would have been for appellant to except to the portion of the court’s oral charge which he felt was faulty and then to submit a proper written requested charge on this matter, or to present a proper written requested charge on circumstantial evidence and to except at the conclusion of the oral charge to the court’s failure to give such requested charge. See Allen v. State, 414 So.2d 989 (Ala.Crim.App.1981), affirmed, 414 So. 2d 993 (Ala.1981); Rule 14, Alabama Temporary Rules of Criminal Procedure. Although the appellant attempted to follow the mandate of Allen, supra, he failed in his effort to preserve this error by submitting a proper written requested charge.
We have examined this record and find no error. The judgment of the trial court is due to be and is, hereby, affirmed.
AFFIRMED.
All the Judges concur.