MADDOX, Justice
(dissenting).
In view of the statement contained in the opinion of the Court of Criminal Appeals 514 So.2d 1051 that “[tjhere was absolutely no evidence upon which to base a conviction for assault in the second degree as defined by § 13A-6-21(a)(l) and (4), Code of Alabama 1975,” and in view of petitioner’s minimal compliance with Rule 39(k), Ala.R.App.P.,[1] I was initially of the view that the failure of the trial judge to give a lesser included offense charge in this case was, at most, harmless error.
After further reflection, however, I am convinced that, from a reading of the facts set out in the opinion of the Court of Criminal Appeals in this case, such a charge should have been given.
Petitioner was indicted, tried, and convicted for violating Code 1975, § 13A-6-20(a)(2), which was classified under the old Criminal Code as “mayhem,” and which was carried into the 1975 Code as § 13-1-7. The new Criminal Code section reads as follows:
“§ 13A-6-20. Assault in the first degree.”
“(a) A person commits the crime of assault in the first degree if:
tt # # *
“(2) With intent to disfigure another person seriously and permanently, or to destroy, amputate or disable permanently a member or organ of his body, he causes such an injury to any person....”
Code 1975, §§ 13A-6-21(a)(l) and (4), which relate to assault in the second degree, read as follows:
“§ 13A-6-21. Assault in the second degree.
“(a) A person commits the crime of assault in the second degree if:
*1055 “(1) With intent to cause serious physical injury to another person, he causes serious physical injury to any person; or
H * * *
“(4) Por a purpose other than lawful medical or therapeutic treatment, he intentionally causes stupor, unconsciousness or other physical or mental impairment or injury to another person by administering to him, without his consent, a drug, substance or preparation capable of producing the intended harm.”
After reading the commentary to §§ 13A-6-20 through 13A-6-22, which cover assault in the first degree, assault in the second degree, and assault in the third degree, I am of the opinion that the conviction of this petitioner is due to be reversed.
Under predecessor statutes, the offense defined as “mayhem” was included in the criminal charge of assault and battery. Lynn v. State, 31 Ala.App. 216, 14 So.2d 259 (1943).
The Court of Criminal Appeals included the following findings of fact in its opinion:
“Dr. William Birdsong testified that he saw Demetrius on the night of July 16, 1984. Upon his arrival at the hospital, the baby had a tube in his mouth to breathe. Dr. Birdsong stated that Demetrius had neck, shoulder and facial burns and that his condition was critical at that time. The burns were consistent with an acid-type burn.
“Dr. Charles Baldwin testified that he examined Demetrius on July 17, 1984. Demetrius had caustic burns on his face and shoulder and there were burns on his lips and his oral cavity. Dr. Baldwin testified that, because of the difficulty Demetrius was having breathing, there might have been damage to his esophagus and trachea. Further, some of these burns were very deep third degree burns and resulted in disfigurement of the child's face.” (Emphasis added.)
514 So.2d at 1052.
The majority apparently concludes, as did the Court of Criminal Appeals, that, because there was evidence that the child suffered “disfigurement,” guilt of the charge of assault in the first degree was proven and a charge on assault in the second degree was, therefore, unnecessary. What the majority overlooks, in my opinion, is that “disfigurement” is embraced within the offense of assault in the second degree. A person commits the crime of assault in the second degree if “[wjith intent to cause serious physical injury to another person, he causes serious physical injury to any person.” (Emphasis added.) What is “serious physical injury”? It is defined in Code 1975, § 13A-l-2(9), as follows:
“(9) Serious Physical Injury. Physical injury which creates a substantial risk of death, or which causes serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ.”
The opinion of the Court of Criminal Appeals uses the word “disfigurement” to describe the nature of the child’s injury. The facts stated in the opinion, therefore, show that the victim may have also suffered “protracted impairment of health” or “protracted loss or impairment of the function of any bodily organ.” Code 1975, § 13A-l-2(9). The child had “neck, shoulder and facial burns” and “his condition was critical at that time.” He suffered “caustic burns on his face and shoulder and there were burns on his lips and oral cavity,” and “there might have been damage to his esophagus and trachea.” 514 So.2d at 1052. These facts support the finding that the child may have suffered “protracted impairment of health” or “protracted loss or impairment of the function of any bodily organ,” in addition to “disfigurement,” all embraced within the offense of assault in the second degree.
While I do not disagree with the proposition that the evidence was sufficient to support petitioner’s conviction of assault in the first degree, I, nevertheless, think petitioner could have been convicted of assault in the second degree. At first, I thought I could concur in the result on the ground that the failure to give the charge on the lesser included offense was “harmless er *1056 ror” in this case, but I believe that even the majority would agree that the case is not one suitable for the application of the “harmless error” rule, if my view of the law is correct. See Ex parte Pruitt, 457 So.2d 456 (Ala.1984), where this Court held that an accused is entitled to have the trial court charge on lesser included offenses where there is a reasonable theory from the evidence supporting the defendant’s position, regardless of whether the state or the defendant offers the evidence.
It would unduly lengthen this dissenting opinion to include the full Commentary to §§ 13A-6-20 through 13A-6-22, Ala.Code 1975, which appears at pages 174-76, of Volume 12 (1982), to support my conclusion, but I would point out that these sections make major changes in Alabama law, especially relating to the so-called assaultive crimes.
I will quote from the commentary, however, in part:
“Section 13A-6-20, assault in the first degree, covers four situations:
“(a) The intentional infliction of serious physical injury by means of a deadly weapon.
“(b) Intentionally disfiguring, destroying or disabling another. This is the same crime as mayhem, former § 13-1-7.
“(c) Recklessly causing serious physical injury to another by manifesting extreme indifference to human life. In legal contemplation it is sometimes difficult, if not impossible, to demarcate between a positive intent to harm and utter disregard for the safety of others. The provision is the counterpart to murder based on extreme indifference, § 13A-6-2(a)(2). Thus, shooting into a crowd wantonly but without any specific homicidal intent would be first degree assault if the result was serious but nonfatal, and, if fatal, it would be murder.
“(d) Causing serious injury to another during the commission of certain life-endangering felonies. This ‘felony-assault’ doctrine is new to Alabama law and should be considered together with the ‘felony-murder’ rule under § 13A-6-2(a)(3). See also, robbery in the first degree, § 13A-8-41(a)(2).
“Assaults under this section are treated as a Class B felony.
“Section 13A-6-21, assault in the second degree, an intermediary assaultive crime, covers:
“(a) Seriously injuring another person intentionally (no deadly weapon). This provision codifies previously existing case law. Bradberry v. State, 37 Ala. App. 327, 67 So.2d 561 (1953).
“(b) With intent to cause injury to another person, the actor causes any physical injury (not serious) to any person by means of a deadly weapon or dangerous instrument, as these are defined in § 13A-1-2(11), (12).
“(c) Recklessly causing serious physical injury to another by means of a deadly weapon or dangerous instrument. While closely related to § 13A-6-22(a)(3), this subsection calls for increased penalties because serious physical injury is caused. Alabama law already recognizes that an assault may be predicated upon ‘reckless’ type conduct as well as an affirmative intent to harm. McGee v. State, 4 Ala.App. 54, 58 So. 1008 (1912) (gun discharged in consequence of defendant’s ‘wanton negligence’ constitutes assault and battery); Murkinson v. State, 11 Ala.App. 105, 65 So. 684 (1914) (‘gross negligence’ equates assault with deadly weapon).
“(d) For nonmedical purposes the actor intentionally causes unconsciousness, stupor or other injury to another person by administering a drug or substance without the victim’s consent. Such conduct constituted a battery at common law.
“Assaults under this section are treated as a Class C felony.”
In Bradberry v. State, 37 Ala.App. 327, 67 So.2d 561 (1953), cited in the commentary, the defendant was indicted for murder and was convicted for first degree manslaughter. Judge Harwood, writing for the court, held that there was evidence warranting an instruction upon manslaughter in the second degree:
*1057 “While a member of this court Simpson, J., in Duncan v. State, 30 Ala. App. 356, 6 So.2d 450, 453, reviewed the doctrines of our decisions as they pertain to propriety of refusing to give at accused’s request charges relating to manslaughter in the second degree where an accused is charged with a higher degree of homicide. These principles were outlined as follows:
“ ‘ “The court is the judge of the law of the case, and in the exercise of this power determines the legality and admissibility of the evidence offered. An indictment for murder in the statutory form includes manslaughter in the first and second degrees. The plea of not guilty puts in issue these several degrees of the charge of homicide included in the indictment.” (Emphasis supplied.) Dennis v. State, 112 Ala. 64, 66, 20 So. 925..
“ ‘It is much the safer rule to charge upon all the degrees of homicide included in the indictment, when a party is on trial for murder, unless it is perfectly clear to the judicial mind that there is no evidence tending to bring the offense within some particular degree.’ (Our italics.) Pierson v. State, 99 Ala. 148,153,13 So. 550, 552. (This of course because of the difficulty which may arise to distinguish between the various degrees of homicide. Roberson v. State, 217 Ala. 696, 697, 699, 117 So. 412.)
“ ‘ “Our decisions are to the effect that every prisoner at the bar is entitled to have charges given, which without being misleading, correctly state the law of his case, and are supported by any evidence, however weak, insufficient, or doubtful in credibility. Gibson v. State, 89 Ala. 121, 8 So. 98, 18 Am.St.Rep. 96. And in Morris v. State, (Ala.Sup.), 39 So. 608, 611, it is said: ‘It matters not how slight the tendency of evidence may be towards establishing any material fact involved, the court cannot exclude it from the jury. Its weight is for their determination.’ ” Bums v. State, 229 Ala. 68, 69, 155 So. 561, 562.
“ ‘ “When an indictment comprehends every degree of criminal homicide, and a conviction for murder is sought, the proper rule is to charge upon the characteristics and constituents of murder in each of its degrees, and upon manslaughter also, unless there is an absence of all evidence having a tendency to reduce the offense to manslaughter. Brown v. State, (109 Ala.70), 20 So. 103; Pierson v. State, 99 Ala. (148), 153, 13 So. 550; De Arman v. State, 71 Ala. 351.” ’
“Relating above principles to the testimony of the appellant as excerpted above necessitate the conclusion, in our opinion, that this appellant was entitled to have the jury instructed as to manslaughter in the second degree.”
Because the commentary states that assault in the second degree is “an intermediary assaultive crime,” and in view of the commentary’s citation to Bradberry, and based on all of the above, it is not “perfectly clear to [my] judicial mind that there [was] no evidence tending to bring the offense within [assault in the second degree].” Bradberry, supra. Therefore, I must respectfully dissent.
JONES, J., concurs.

. Petitioner requested the Court of Criminal Appeals to add only these additional facts: "1. Dr. William Eugene Birdsong stated that on July 16, 1984, he observed burns in the mouth and face area of Demetrius Guy-ton. "2. Mrs. Maryjane Andrews, who was the nurse assigned to the hospital where Demetrius Guyton was, stated that his throat was swollen from the burns and he could not breathe on his own. She said if they had not intubated him, he would have died. "Witness, Debra Douglas, stated that Demetrius Guyton could not breathe as a result of the burns and had to be intubated to save his life.”